[Civ. No. 1089.   Second Appellate District.—May 20, 1912.]

## ADDIE F. MORISON, Appellant, v. FRED G. WEIK and ANNA ILMER WEIK, Respondents.

ACTION TO SET ASIDE ALLEGED FORGED DEED—EVIDENCE—LOSS OF DEED —SECONDARY EVIDENCE OF GENUINE SIGNATURE.—In an action to set aside a deed on the ground that the signature of plaintiff has been forged, to which the plaintiff testified in the absence of the deed, it was not error to permit the defendants to introduce secondary evidence to prove that the signature of the plaintiff thereto was genuine, where the loss of the deed was sufficiently established to justify such proof, without the production of the deed.   In such case, the question is not one of contents, which were not disputed, but only of the genuineness of the signature in controversy.

ID.—EVIDENCE TENDING TO SHOW GOOD FAITH OF DEFENDANTS—OFFER TO EXHIBIT DEED TO PLAINTIFF'S ATTORNEY BEFORE LOSS.—The fact that the deed, prior to its loss, was tendered to plaintiff's attorney for his inspection of the plaintiff's signature thereto, and that he refused to accept the same for inspection or to examine the signature, negatives any suspicion that might arise from withholding the deed claimed to be lost.

ID.—SUFFICIENCY OF PRELIMINARY PROOF OF LOSS—DISCRETION OF TRIAL JUDGE—REVIEW UPON APPEAL.—It is sufficient that the preliminary proof of loss satisfied the mind of the court that the instrument was unintentionally mislaid or lost, and that after diligent search therefor it could not be found.   Such preliminary proof is left to the discretion of the trial judge, and unless manifestly insufficient to warrant the introduction of secondary evidence, his ruling will not be disturbed upon appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. W. M. Conley, Judge Presiding.

The facts are stated in the opinion of the court.

Charles H. Mattingly, for Appellant.

Louis Luckel, and Hahn & Hahn, for Respondents.

SHAW, J.—Action to have a certain deed, which purported to have been made by plaintiff to defendant Anna Ilmer Weik, canceled and annulled upon the ground that the signature thereto had been forged by defendants. The court upon ample evidence found that the instrument had been duly signed and executed by plaintiff, and accordingly gave judgment for defendants, from which, and an order denying her motion for a new trial, plaintiff appeals.

The sole alleged error upon which appellant bases her claim for reversal is that the court, over plaintiff's objection, permitted the introduction of evidence on behalf of defendants tending to show that plaintiff signed and executed the deed, which defendants were, by reason of the loss thereof, unable to produce in court. Plaintiff testified that she did not sign the deed, and now on appeal contends that defendants should not have been permitted to prove the contrary, since they did not produce the deed, nor offer sufficient proof of its loss. The question at issue, however, was not the contents of the instrument, which, it was conceded by the complaint, purported to be a conveyance of the property described therein, but whether the name of plaintiff attached thereto was in fact her genuine signature. While the production of the alleged forged signature would have afforded opportunity for its inspection and comparison with admitted genuine signatures of plaintiff, thus aiding in the determination of the question at issue, the want of such production constituted no ground for the exclusion of evidence touching the fact in controversy, upon the ground that it was secondary in character, and hence not admissible until the loss of the deed was shown. Moreover, conceding that the testimony offered, and to the introduction of which plaintiff objected, was competent only upon proof of the loss of the instrument, we think the evidence clearly and sufficiently established such fact. The evidence shows that subsequent to the bringing of the suit accusing defendants of the forgery, one of them, Fred G. Weik,

had the deed in his possession, and, accompanied by his attorney, went to the office of plaintiff's attorney, to whom he exhibited the deed and tendered it to him for inspection. Upon the latter refusing to accept it or look at it, the same was returned to the office of his attorney. Thereafter defendant obtained it to show to some of his friends and again returned it to the office of his attorney. It appears that both said defendant and his attorney made diligent search and effort, but without success, to find the deed. The fact that the deed was tendered to plaintiff's attorney for inspection negatives any suspicion that might otherwise arise from withholding it. Without entering upon a full discussion of the evidence, suffice it to say that it was sufficient to satisfy the mind of the court that the instrument was unintentionally mislaid or lost, and that after a diligent search made therefor it could not be found. Such preliminary proof is left to the discretion of the trial judge, and unless manifestly insufficient to warrant the introduction of secondary evidence, his ruling will not be disturbed on appeal. (*Kenniff* v. *Caulfield*, 140 Cal. 35, [73 Pac. 803].)

The judgment and order appealed from are affirmed.

Allen, P. J., and James, J., concurred.