## R. J. HAWKINS v. T. J. OVERSTREET.

(Filed July 30, 1898.)

1. PLEADINGS—*What Petition Should Contain.* Under sections 85, 87, Code Civil Procedure Statute 1893, it is not necessary that the petition should contain a statement of facts, stated in such manner as would have been necessary to entitle the plaintiff to a recovery under any particular form of action prior to the adoption of such Code. It is sufficient if such facts are alleged as show a legal or equitable right to a recovery by the plaintiff against the defendant under the general principles of law or equity d termining the rights of parties. In other words, it is only necessary for the plaintiff to state in his petition such facts, in a plain and concise manner, as show to the court that he is entitled to some legal or equitable relief.

2. JUDGMENT—*Motion for.* A motion for a judgment for the defendant upon the pleadings will not be sustained where, upon any or all the pleadings in the case, taken together, facts are stated which show that the plaintiff is entitled to some legal or equitable relief.

3. DAMAGES—*Chattel Mortgage—Possession—Replevin.* Where an action is brought to recover damages by a mortgagor against the mortgagee of chattels for having converted the property wrongfully, and for failure to account to the mortgagor for the proceeds thereof in excess of the amount required to satisfy the debt, and where it appears that the mortgagee obtained possession of the property by an order of replevin, and had the possession at the time of the trial and judgment in the replevin action, a finding by the jury therein of the value of the property is not *res judicata* upon the issue of value in the subsequent action for damages.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before J. R. Keaton, District Judge.*

*Charles L. Botsford,* for plaintiff in error.

*W. J. Jackson,* for defendant in error.

Action by T. J. Overstreet against R. J. Hawkins. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Opinion of the court by

TARSNEY, J.: The principal assignment of error discussed in the briefs and relied upon by counsel for plaintiff in error is that the court erred in overruling a demurrer to the amended petition and reply taken together, and in overruling a motion for judgment on the pleading. The petition alleged that on August 28, 1895, the plaintiff was the owner of a general stock of merchandise in the city of Norman; that on said day defendant took possession of said stock of merchandise without the consent and against the will of the plaintiff, and converted and disposed of the same unlawfully, by removing the same from the possession of the plaintiff, and from the place where the same had been, and then was, stored, and placing the same in a building inadequate and unfit for said goods, and by selling the same at retail at prices wholly inadequate, and not commersurate with the value of the goods; that the same were so sold and disposed of by inexperienced persons at great loss; that the defendant failed and refused to account to the plaintiff for the proceeds of said goods, to the damage of the plaintiff in the sum of $3,240; that thereby plaintiff was damaged in the said sum of $3,240; that by reason of the premises plaintiff was compelled to, and did, properly expend time and money, in divers large sums specified in the petition, in endeavoring to reclaim said goods; and plaintiff prayed judgment for said $3,240, with interest from the 28th day of August, 1895, and for $670 compensation for time and money expended in endeavoring to reclaim said goods.

To this petition the defendant answered with a general denial, and for special answer alleged that on said August 28, 1895, defendant was entitled to the immediate

possession of said goods; that said goods were then unlawfullly and wrongfully detained from said defendant by the plaintiff; that on said day said defendant demanded possession of said goods, which demand was refused, whereupon said defendant commenced an action in replevin in the district court of Cleveland county against the plaintiff to recover the possession of said goods; that at the October term, A. D., 1895, of said court, said replevin action was tried, and the court rendered judgment for the plaintiff therein for the possession of said goods and costs of suit.

To this answer the plaintiff below replied, admitting the commencement of said action in replevin, and the rendition of judgment therein, as stated in said answer, and that said judgment was not appealed from, but alleging that said plaintiff in said replevin action claimed, and was by the court therein awarded, the possession of said goods and chattels by virtue of a chattel mortgage thereon, and that after obtaining the possession of said goods and chattels under said replevin proceeding the said plaintiff therein wholly failed and neglected to advertise and sell said goods and chattels as provided by law, but unlawfully, and without the consent of the plaintiff herein, sold and otherwise disposed of said goods and chattels in parcel; thereby wrongfully converting said goods and chattels to his own use and benefit, to the great damage of this plaintiff, as in his petition alleged. Thereupon the defendant herein filed his motion for judgment upon the pleadings, which motion was by the court overruled. The question presented by this motion was whether the allegations contained in all the pleadings stated facts which would entitle the plaintiff to a recovery.

Plaintiff in error contends that the petition was for a wrongful taking and conversion of the property described, that the action was one of trover and conversion, and that the rules of pleading pertaining to the action of trover at common law should have been applied by the court to the pleadings in this case. We do not think so. We have no action of trover. Section 10 of our Code of Civil Procedure provides: "The distinction between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing, are abolished, and in their place there shall be hereafter but one form of action, which shall be called a civil action." Section 85 of said Code provides: "The rules of pleading heretofore existing in civil actions are abolished and hereafter the forms of pleadings in civil actions in courts of record and the rules by which their sufficiency may be determined, are those prescribed by this Code." The only rule of the Code for stating the facts in any petition is found in section 87 of said Code, and simply requires that the petition contain "a statement of the facts constituting the cause of action, in ordinary and concise language, and without repetition." It is not necessary that the facts should be stated in such manner as would have entitled the plaintiff to a recovery under any particular form of action. It is sufficient if facts are alleged which show a right to recovery by the plaintiff against the defendant under the general principles of law determining the rights of parties, and without regard to what may or may not have been the rules of pleading or stating a cause of action before the adoption of our Code.

Taking, then, the facts as stated in the pleadings in this case, did such facts show any liability from the

defendant to the plaintiff, and a right to recover thereon by the plaintiff against the defendant? The allegations of the pleadings show that the defendant had a chattel mortgage on the stock of goods of the plaintiff to secure a debt. He was not entitled to the possession of the goods until default in the conditions of the mortgage, and was then entitled to the possession of said goods only for the purposes of foreclosing said mortgage. To obtain the possession of said goods he resorted to an action of replevin; but, having obtained thereby the possession, he took no proceedings to foreclose the mortgage in any manner provided by law, but sold and disposed of the same in a manner not authorized, and refused to make any accounting to the mortgagor for the proceeds.

Does this state of facts show a right of action and right of recovery in the plaintiff mortgagor? If so, the motion for judgment was properly overruled. Under the statutes of this Territory, by a chattel mortgage the title to the mortgaged property does not pass to the mortgagee, but remains in the mortgagor. The mortgagee has but a lien upon the property, with a right of foreclosure for conditions broken. This foreclosure may be had in either of two ways: By an action therefor under the Code of Civil Procedure, or by sale of the property mortgaged, upon the notice and in the manner prescribed by section 13, ch. 51, Statutes of Oklahoma, 1893, relating to mortgages; and if a mortgagee takes possession of mortgaged goods, and does not foreclose in either of these ways, but converts the same to his own use, or disposes of them in a wrongful manner, he must account to the mortgagor for the value of the goods when taken, less the amount of his debt secured by the mortgage

thereon, and proper and reasonable expenses in caring for and disposing of the property. The error upon this point in this case was not by the court, but was committed by counsel, who failed to appreciate the nature of the action stated in the pleadings,—that it was not an action for recovery of property wrongfully taken and converted, but was an action, (somewhat inartistically and imperfectly stated,) for damages resulting to the plaintiff by reason of the defendant failing to foreclose his mortgage, and disposing of the goods in a manner not authorized by law or the terms of the mortgage under which the goods were taken from the plaintiff. The motion for judgment on the pleadings was properly overruled.

The court permitted the plaintiff below to offer evidence as to the value of the goods taken under the writ of replevin, at the time they were so taken, and also instructed the jury that they should find "the reasonable market cash value in the town of Norman of the stock of goods described in said petition on the 28th day of August, 1895, if sold or purchased at wholesale, (that is, in bulk or job lots,) for the purpose of determining the amount of damages, if any, which the plaintiff was entitled to recover.

To the admission of such testimony and the giving of such instruction the defendant duly objected and excepted on the ground that the value of the property taken under the writ of replevin had been determined by the jury in that case, and as to the amount or the value of such property the finding of the jury in the replevin case was *res judicata*. A judgment in replevin is conclusive between the parties, both as to value and ownership, if

the ownership and value are in issue. (*Smith v. Mosby*, 98 Ind. 445; 20 Am. & Eng. Enc. Law, 1119.)

But the ownership of the goods was not in issue in the replevin case between the parties to this action, but only the right of possession under the chattel mortgage, for the purpose of foreclosing the same. A matter or question, either of law or fact, is *res judicata*, or set at rest, as to adverse parties and their respective privies, if it was a material issue in the proceeding directly involved, and not merely incidentally cognizable nor collaterally in question, and was adjudicated after a contest by a final judgment on the merits. (1 Van Fleet, Former Adj. sec. 1; 2 Black, Judgm. sec. 617.)

Our Code of Civil Procedure, (section 185,) provides: "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession, or for the recovery of possession, or the value thereof in case a delivery cannot be had, or of damages for the detention. If the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for a return of the property or the value thereof, in case a return cannot be had, and damages for taking and withholding the same." This statute clearly contemplates a judgment for the value of the property only in the cases where the party adjudged to be entitled to possession is not in possession, and the judgment for value is only effective in case a delivery cannot be had; but where a plaintiff in replevin obtains the possession of the property under the order, and has the possession at the time of the trial, no judgment for the value thereof can be rendered in his favor, and, if he recover judgment for the possession, the value

of the property is immaterial, and a finding of its value is not a proper finding, because the issue of value is not involved .

In the case at bar the record in the replevin suit alleged in the pleadings and shown in the evidence presented a case where the ownership of the property was not involved, but the right of possession by the plaintiff, under a chattel mortgage, and for the purpose of foreclosing the lien thereof, was the only question in issue. The plaintiff obtained the possession of the property by virtue of the order of replevin, was in possession of it at the time of the trial, and obtained a judgment that he was entitled to such possession; and therefore a finding or judgment as to the actual value of the property was not material or necessary to a determination of the issues involved, and cannot be held to be *res judicata* in the action at bar. There was therefore no error in the action of the court in permitting the value of the property to be shown, or in permitting the jury to determine the actual value of the property at the time it was taken under the replevin order.

The court, in submitting the case to the jury, submitted certain interrogatories calling for special findings of fact, but did not instruct them to return a general verdict. After the jury had been out for some time, they returned into court with their answers to the special interrogatories, and without a general verdict. The court thereupon directed them to return to their room and from the basis of their special findings of fact, to formulate and return a general verdict in the case, which was accordingly done. We fail to perceive where there was any error prejudicial to the defendant in this action. The court only required the jury to return to their

room to complete that which it was their duty to have done before they made the return of their special findings, and what he could have properly instructed them to do upon their first retirement.

The other assignments of error are based substantially upon those we have considered. They involve nothing substantially prejudicial to the rights of the defendant, and need not be further considered. For the reasons herein stated the judgment of the court below is affirmed.

All of the Justices concurring.