**REDSKIN MINING CO. v. McNEAL MACHINERY CO.**

No. 14815—Opinion Filed April 21, 1925.

(Syllabus.)

**1. Pleading—Judgment on Pleadings—Nature and Effect of Motion.**

A motion for judgment upon the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer. It is a demurrer for the reason it attacks the sufficiency of the pleadings; it is a motion for the reason it is an application for an order for judgment. Like the demurrer it admits the truth of all well-pleaded facts in the pleading of the opposite party. It may be carried back and sustained against a prior pleading of the party making the motion, and the court will consider the whole record and give judgment for the party who on the whole appears entitled to it.

**2. Same—Judgment for Defendant—When Denied.**

A motion for judgment for defendant on the pleadings will not be sustained where, on any or all of the pleadings in the case, taken together, facts are stated which show the plaintiff is entitled to some legal or equitable relief.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by the Redskin Mining Company against the McNeal Machinery Company. Judgment for defendant, and plaintiff brings error. Reversed.

D. H. Wilson and J. S. Davenport, for plaintiff in error.

Frank Nesbitt, for defendant in error.

LESTER, J.   The parties to this action appear as in the court below. The Redskin Mining Company had purchased certain machinery from the McNeal Machinery Company. There was an unpaid balance on the said machinery, and the McNeal Machinery Company held a chattel mortgage to secure the payment of the same. It is not evident from the pleadings the exact amount of the unpaid balance owing to the defendant by reason of said mortgage indebtedness, but from the record it is shown that a sum ranging from $1,800 to $3,000 remained unpaid. It appears that the plaintiff, desiring to sell the machinery, had a conversation with the defendant company in reference to selling the same, and in this conversation the plaintiff informed the defendant that it could make an arrangement to sell the same through another party by allowing ten per cent. commission for such sale. The defendant thereupon informed the plaintiff that it could dispose of the machinery in like manner and under the same terms, and this was accepted by the plaintiff, and thereafter the following contract was entered into:

"Nov. 5, 1920.

"McNeal Machinery Co.,
   "Joplin, Mo.

"Gentlemen:

"We are sending up to you our 165 H. P. Bessemer gas engine, also our 110 gas engine.

"These are being sent to you with the understanding that you will store same in a good dry place in your warehouse and sell same for us. One, the 165 H. P. engine, please sell this to net us $4,725, and the 110 H. P. engine you can sell to net us $2,700.

"Upon making these sales you can deduct the amount we owe you, remitting the balance to us in cash.

"Yours very truly,

"Redskin Mining Company, by Coe Rhea.
"McNeal Machinery Co., by H. H. Upton."

While not shown in the contract, the plaintiff alleged in its petition, and the answer admitted, that the defendant was to receive ten per cent. in the event of the sale of the property.

Thereafter, the plaintiff shipped said machinery to defendant, and, as set forth in the petition of plaintiff, it paid out the sum of $285 as expense for such shipment. The plaintiff in its petition alleged that without notice, knowledge, or consent, the defendant thereafter shipped said machinery into the state of Kansas and sold the same under and by virtue of a mortgage that had been executed and delivered to the defendant prior to the execution and delivery of the contract above referred to.

The plaintiff in its petition further alleged that by reason of the conduct of the defendant in receiving said property under and by virtue of said contract, and thereby selling and disposing of the same, the defendant thereby converted said property to its own use, and the plaintiff brought suit against said defendant and asked damages in the sum of $8,250, "on which the defendant is credited with the sum of $3,000 due it under its said mortgage lien," leaving a balance in favor of the plaintiff in the sum of $5,250. The plaintiff also asks punitive damages for the sum of $1,000.

The defendant filed an answer, a substituted answer, an amended answer, and an

amendment to the amended answer, in which it admitted the execution of the contract herein mentioned; admitted that it took possession of the machinery mentioned in plaintiff's petition, and admitted that it agreed to try and sell the said machinery for a commission of ten per cent. Defendant admitted that after the execution of said contract, it returned said machinery to Cherokee county, Kan., and sold it under a mortgage sale. Defendant also set out as a defense that there was a receiver appointed for said plaintiff, who had authority to authorize the sale of said property, and that said receiver had notice of said sale, and directed the manner in which the proceeds should be applied. Defendant also alleged in its answer that the plaintiff had notice of the mortgage sale. Defendant, for further answer, stated and alleged that after the execution of said contract and delivery of the machinery under the said contract, the plaintiff executed and delivered a mortgage on said machinery to the First State Bank of Vinita, Okla., to secure the principal sum of $2,492.24, and placed the same on file in Jasper county, Mo., where the said machinery then was.

To the last answer of the defendant, plaintiff filed its reply, in which it denied that there was a receiver appointed for the property in controversy in said suit, or that the receiver had any authority to make any contract relative to the settlement with defendant, as pleaded in the defendant's answer; denied that the receiver ever agreed that defendant sell said property and distribute the proceeds thereof in any way.

There were other motions and pleadings filed in said cause, which we do not deem material to the issue before this court. Neither a copy of the mortgage given by plaintiff to defendant, nor a copy of the mortgage alleged to have been given to the First State Bank of Vinita, are contained in the record, nor alleged to have been attached to any of the pleadings; therefore, we are unable to determine what were the rights of defendant under said mortgage.

On October 26, 1923, the cause came on for trial in the district court of Ottawa county, and a jury was empaneled and sworn to try and determine the issues in said cause, and thereupon the attorney for the plaintiff made a statement of the issues to the jury; the record contains the statement of said attorney. After the attorney had finished the opening statement, the defendant thereupon made a timely motion for judgment on the pleadings and the opening statement of counsel, and the court rendered judgment for defendant on the pleadings.

We have carefully examined all the pleadings and the record containing the opening statement of the attorney. It is insisted by the defendant that the petition of plaintiff, together with the opening statement of the attorney, was a departure, and instead of being a suit for conversion, that it was a suit for breach of contract.

The petition, together with the opening statement, is subject to criticism, as it takes a very careful examination and analysis of the petition, together with the opening statement of the attorney, to determine whether the suit was for breach of contract or conversion. The amended petition of the plaintiff, upon which the plaintiff relies for recovery, is in part as follows:

"The plaintiff further states that the defendant reported from time to time prospective purchasers for said engines, but very soon after they were received by the defendant, the defendant transported the same from the city of Joplin, Mo., where they were kept by the defendant, to Cherokee county, Kan., at a point about twenty miles from the place said engines had theretofore been kept in said Cherokee county, Kan., and at a place where plaintiff would be unlikely to see the same, and there advertised and sold the same, and, as plaintiff believes, bid thereon the amount claimed by the defendant under its mortgage lien; that said pretended sale so made by the defendant was without knowledge or consent of the plaintiff and contrary to the authority vested in the defendant, and the plaintiff alleges that the action of the defendant in the manner aforesaid constituted a conversion of this plaintiff's property to its damages in the reasonable value thereof in the sum of $8,250, on which the defendant is credited with the sum of $3,000 due it under said mortgage lien, leaving a balance in favor of the plaintiff in the sum of $5,250."

Construing the entire pleadings, we hold that the petition, together with the opening statement, stated a cause of action for conversion, and the measure of damages is controlled by section 5999, Comp. Stat. 1921, which provides:

"The detriment caused by the wrongful conversion of property is presumed to be:

"First: The value of the property at the time of the conversion with the interest from that time; or

"Second: Where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party; and

"Third: A fair compensation for the time and money properly expended in pursuit of the property."

It may be true that plaintiff may be mistaken as to his measure of damages, but if the amended petition, together with the reply of the plaintiff, states a substantive cause of action against the defendant, and there are issuable facts stated in the pleadings which show that the plaintiff was entitled to relief, a motion for judgment on such pleadings should not then be sustained.

"A motion for judgment upon the pleadings is in the nature of a demurrer. It is in substance both a motion and a demurrer. It is a demurrer for the reason it attacks the sufficiency of the pleadings; it is a motion for the reason it is an application for an order for judgment. Like the demurrer it admits the truth of all well-pleaded facts in the pleading of the opposite party. It may be carried back and sustained against a prior pleading of the party making the motion, and the court will consider the whole record and give judgment for the party who, on the whole, appears entitled to it." Deming Investment Co. v. Reed, 72 Okla. 112, 179 Pac. 35.

"A motion for judgment for defendant on the pleadings will not be sustained where, on any or all of the pleadings in the case, taken together, facts are stated which show the plaintiff is entitled to some legal or equitable relief." Hawkins v. Overstreet, 7 Okla. 277, 54 Pac. 472.

As shown from the pleadings, the defendant obtained possession of the property by virtue of the contract to sell the same for the plaintiff. After obtaining possession it thereafter, without notice or knowledge, as plaintiff contends in its petition, sold said property for its sole benefit and thereby took advantage of its possession by reason of said contract, and diverted the use of said property for that purpose, while it was placed in the possession of the defendant for another purpose. It is also contended that plaintiff, not having demanded the said property before bringing suit for the same, could not thereby recover against the said defendant, for the reason that it had not demanded possession of said property after it had once lawfully and peaceably come into possession of plaintiff from the defendant. As shown by the answer of defendant, it offered to return the machinery to the plaintiff, if plaintiff would pay off its indebtedness to the defendant. Defendant further pleads ownership of the property by reason of the mortgage sale.

Where one comes into possession of property under a contract of ownership in another, and said contract is discharged and the party who secures possession of property under said contract thereafter asserts title in himself as against the owner under the contract, a demand therefor is not necessary by the owner prior to suit for such conversion.

For reasons stated herein, the cause is reversed, with instructions to the trial court to proceed in said cause consistently with the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, MASON, PHELPS, HUNT, CLARK, and RILEY, JJ., concur.