## CLARK v. SLOAN.

No. 16373—Opinion Filed March 2, 1926.

Rehearing Denied May 11, 1926.

**1. Specific Performance—Sufficiency of Petition on Demurrer.**

Where, in a suit for specific performance of a written contract, the plaintiff relies upon a valid contract entered into between him and the defendant, and alleges performance upon his part and failure of performance upon the part of the defendant, and attaches a copy of the contract to the petition, such petition is good as against a demurrer thereto.

**2. Appeal and Error—Review of Equity Case—Sufficiency of Evidence.**

Upon appeal in an equity case, the burden is upon the appealing party to make it appear from the record that the findings and judgment of the trial court are against the clear weight of the evidence; and unless it is so made to appear, the reviewing court will refuse to disturb the judgment because of alleged insufficiency of the evidence.

**3. Same—Judgment Sustained.**

The record held to support the judgment, and to require that it be affirmed.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Cimarron County; Arthur G. Sutton, Judge.

Action by Dudley C. Sloan against Robert H. Clark. From the judgment, the defendant appeals. Affirmed.

Ross Rizley and R. H. Loofbourrow, for plaintiff in error.

Tatum & Strong and E. B. McMahan, for defendant in error.

Opinion by SHACKELFORD, C. The plaintiff in error will be referred to herein as defendant, and the defendant in error as plaintiff, as the parties appeared in the trial court.

The plaintiff brought action against defendant for specific performance of a written contract. We gather from the pleadings that the plaintiff held certain school land leases on lands in sections 15, 22, and 27 in township 6 north, range 4 east, Cimarron Meridian, in Cimarron county; and that such lands were either in the pasture of the defendant or in some way affected the defendant's pasture. The defendant held a lease on certain land in section 33-6-4, and was the owner in fee of 160 acres in section 34-6-4, and the rights of the defendant in those lands in some way affected the plaintiff's pasture. A proceeding was had before the School Land Department with reference to the leases on the school land, and in the course of the proceedings the parties made an agreement in writing, in effect that plaintiff should release his school land lease on the lands affecting the defendant's pasture, and remove certain fencing, conditioned that defendant should release in plaintiff's favor his lease on the land in section 33-6-4, and lease to plaintiffs his deeded land in section 34-6-4 at five cents per acre for such length of time as the state should continue the school land leases, and to remove certain fencing. The plaintiff alleges that he has fully performed his part of the contract according to its terms, but the defendant has failed and refused to execute a lease to plaintiff on his deeded land in 34-6-4. The plaintiff alleges tender of five cents per acre according to the terms of the contract, and renews the tender in the pleadings. A copy of the contract is attached as an exhibit to plaintiff's petition. The contract bears date of January 15, 1918. The defendant's

answer put, in issue the allegations of the plaintiff's petition with reference to plaintiff's performance of his part of the contract, and the tender alleged, but admits the execution of the contract. The plaintiff replied to the defendant's answer, putting the case at issue. After some preliminary matters the cause was tried to the court, resulting in a judgment for the plaintiff and against the defendant, requiring the defendant to perform his part of the contract with reference to the lease on his deeded land in 34-6-4.

The defendant appeals, and presents for reversal of the judgment that the court erred: (1) In overruling the defendant's demurrer to the plaintiff's petition; and (2) that the judgment is contrary to the law and the evidence.

1. We think the above statement with reference to the plaintiff's petition makes it sufficient to say, with reference to the first assignment, that the plaintiff's petition states a cause of action for specific performance, and that the trial court properly overruled the defendant's demurrer to such petition.

2. On the second proposition it is to be said that the action for specific performance presents for consideration questions for determination by a chancellor or a court of equity. The well settled rule is that the burden is upon the appealing party to show that the findings and judgment are against the clear weight of the evidence; and unless it is made to appear that the findings and judgment are against the clear weight of the evidence, the judgment will not be disturbed on appeal because of alleged insufficiency of the evidence. It is also well settled that in equity cases, on appeal, it is the duty of the Supreme Court to examine the record and weigh the evidence, and apply the equity rule above stated.

The record here presented seems to be incomplete, in that certain plats or drawings were used by both parties in the examination of witnesses, and such plats or drawings were identified and referred to as exhibits and introduced in evidence, but such exhibits have not been incorporated into the record. Without them an examination of the record has been rather tedious; and in some particulars the statements of witnesses are entirely unintelligible. The best we can make of the record, it appears that the plaintiff's evidence supports the allegations of his petition, that he has performed his part of the contract within the time fixed, except the removal of a portion of the fencing, which he had agreed to remove; and this was prevented by the failure to perform on the part of the defendant; and as soon as the defendant made it practicable to remove the fencing the plaintiff attended to it, although it was after the time fixed.

The finding and judgment of the court in favor of the plaintiff is, in effect, a finding that plaintiff had performed his part of the contract, and such finding seems to be supported by the clear weight of the evidence. The record abundantly establishes that defendant has failed to furnish the plaintiff a lease upon his deeded land in section 34-6-4, as he agreed to do. It is admitted that it has not been done, but defendant undertakes to excuse failure of performance. The court found against defendant on that issue, and the finding is supported by the record.

We think that the appealing party has failed to establish that the finding and judgment of the trial court are against the clear weight of the evidence; but, on the contrary, the record presented supports the judgment of the trial court.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 36 Cyc. p. 773. (2) 4 C. J. p. 900 § 2869; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81. (3) 4 C. J. p. 1129 § 3122.