## TUCKER et ux. v. PORTER.

### No. 26987.   Oct. 5, 1937.

W. E. Crowe, Nathan Scarritt, and E. S. Champlin, for plaintiffs in error.

Simons, McKnight. Simons, Mitchell & McKnight, for defendant in error.

WELCH, J.   This action was commenced in the district court of Garfield county for a money judgment and the foreclosure of a real estate mortgage.   George W. Tucker and Sallie Tucker, his wife, the owners of the real estate involved and makers of the note and mortgage sued upon, were named defendants along with others who claimed to have acquired various interests in said real estate subsequent to the making of the note and mortgage.

About a year prior to the commencement of this action, Percy Porter, one of the defendants in error, obtained from George W. Tucker and Sallie Tucker, the plaintiffs in error, a one-half interest in the mineral rights to the lands involved herein.   The mineral deed evidencing such interest was made to Esther Porter, wife of Percy Porter, and title thereto still remains in the name of Esther Porter.   At the same time Percy Porter obtained an oil and gas lease covering the same land, which lease was thereafter assigned to another.

The controversy which is the subject of this appeal arises out of a cross-petition filed by the plaintiffs in error, George W. Tucker and Sallie Tucker, praying that the lease and mineral conveyance above described be canceled, and for general relief. For convenience the said plaintiffs in error will be hereinafter referred to as the Tuckers.

After trial of the issues the trial court granted the plaintiff a money judgment and a decree of foreclosure and decreed that the oil and gas lease above mentioned was valid and owned by one John Wilver, who was Percy Porter's assignee.

The judgment on the above issues was not appealed from and has become final. The trial court further decreed that Esther Porter was the owner of one-half the mineral rights to the lands involved.

The subject of this appeal is the controversy between the landowners, the Tuckers, and Esther Porter with reference to the one-half interest in the mineral rights. Concerning this controversy the Tuckers, in support of their cross-petition, introduced evidence at the trial on two alternative propositions:   First, that said mineral rights were obtained by fraud, and, second, that Esther Porter and Percy Porter, her husband, had agreed to reconvey the said mineral rights to the Tuckers upon the payment of a certain consideration, a portion of which was paid by the giving of a note and chattel mortgage, and the balance of which was tendered in open court.

Esther Porter filed a reply to the cross-petition of the Tuckers, and upon the issues raised by these two pleadings the court found for the defendant Esther Porter, as stated above, and further found that:

"* * * George W. Tucker and Sallie Tuck-

er did not seek, by their petition filed herein, the relief of specific performance to compel the defendant Esther Porter to reconvey the aforesaid mineral interest, but, on the contrary, asked for cancellation of said mineral deed evidencing said interest upon the alleged ground of fraud, and that the defendants, George W. Tucker and Sallie Tucker, are not, under the pleadings in this case, entitled to maintain an action for specific performance, and that the evidence relating to specific performance is not properly before the court. * * *"

It is the contention of the Tuckers that, although their pleading did not mention the remedy of specific performance, yet in their prayer they asked for general relief, and their cross-petition alleged a state of facts that constituted a cause of action in specific performance to compel Esther Porter to reconvey the interest in the mineral rights, and that the refusal of the trial court to consider evidence in support of such cause of action on the ground that the pleading was insufficient was erroneous and denied them a fair trial.

The cross-petition of the Tuckers alleges that the mineral rights involved had been obtained by fraud and also that the Porters agreed to reconvey said mineral rights to the Tuckers; sets out as an exhibit a written agreement by Esther Porter evidencing such contract, which written agreement refers to a mineral deed already executed and in existence; alleges that the Tuckers have given a note and mortgage as part payment of the consideration therefor; pleads tender of the balance, and alleges failure and refusal of the parties to carry out said agreement to reconvey said mineral rights to the Tuckers.

In the case of Clark v. Sloan, 117 Okla. 303, 246 P. 425, the first paragraph of the syllabus reads:

"Where, in a suit for specific performance of a written contract, the plaintiff relies upon a valid contract entered into between him and the defendant, and alleges performance upon his part and failure of performance upon the part of the defendant, and attaches a copy of the contract to the petition, such petition is good as against a demurrer thereto."

In their cross-petition the Tuckers pray for cancellation of the deed to Esther Porter and for general relief.

In Harmon v. Hines, 160 Okla. 120, 16 P. (2d) 94, this court said:

"However, under the holdings of this court the prayer of the petition forms no part of it, and relief may be granted in accordance with the facts stated in the petition, rather than pursuant to the prayer. See Anderson, Gd'n, v. Muhr, 36 Okla. 184, 128 P. 296."

And in Fraley v. Wilkinson, 79 Okla. 21, 191 P. 156, this court said:

"The plaintiffs misconceived their remedy. The district court no doubt sustained the demurrer upon the theory that the plaintiffs were entitled to rescission or no relief, and not being entitled to rescission, no relief could be granted under the prayer. The demurrer admitted the facts alleged, and if it be true that defendants, as a part of the consideration, agreed to erect the building as alleged, and then refused to perform their contract, the plaintiffs are entitled to specific performance or damages in lieu thereof. The prayer for judgment is only a matter of form, and is no part of the statement of the cause of action. Smith v. Smith, 67 Kan. 841, 73 P. 56; King v. Milner (Colo.) 167 P. 958; Carson v. Butt, 4 Okla. 133. Under the Code of Civil Procedure in force in this state, a plaintiff is required to set forth the facts constituting a cause of action, and if he states facts showing that he is entitled to a remedy, either legal or equitable, his action will not be dismissed because he has misconceived the nature of his remedial right, and has asked for equitable relief when he should have asked for a legal remedy. A plaintiff is simply required to state the facts, and although he prays for legal relief when he is entitled to equitable relief, that makes no difference. If he shows facts constituting a cause of action, the error should be overlooked and that relief granted which the facts alleged and proved justify. Pomeroy's Code Remedies, sec. 11 to sec. 25, inclusive; 16 Ency. Pl. & Pr. 796."

It is obvious from the allegations of the Tuckers' cross-petition that the Tuckers were seeking to cancel the original mineral deed to the Porters on account of fraud, and in the alternative, to compel the Porters to reconvey the said mineral rights.

In our judgment the cross-petition of the Tuckers alleges a state of facts constituting a cause of action for specific performance, and under their prayer for general relief they have the right to present and have considered their evidence as to specific performance.

The judgment of the district court, as to the issues the subject of this appeal, is reversed, and the cause remanded, with di-

rections to grant a new trial in conformity with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and HURST, JJ., concur.