BOARD OF COM'RS OF MUSKOGEE COUNTY et al. v. KENNEY et al.

No. 29719.   March 4, 1941.

*110 P. 2d 1105.*

Douglas Garrett, County Atty., and Preston W. Jones, Asst. County Atty., both of Muskogee, for plaintiffs in error.

Thos. E. Neary, of Muskogee, for defendants in error.

DAVISON, J.   On September 8, 1938, the trial court issued a temporary restraining order enjoining the tearing down and removal of a frame building located on certain lots in Haskell, Okla., pursuant to the verified petition of the board of county commissioners of Muskogee county, alleging in substance that several hundred dollars in taxes had accrued on said property and that said county's lien on same for said unpaid taxes would be of little or no value if the building were torn down and removed.

Thereafter, Carl F. Kenney and Kenney Lumber Company, as defendants in the action, filed a petition for dissolution of the restraining order, alleging that the defendant Carl Kenney had purchased the building, had partly wrecked same, and had deposited the purchase money in the Commercial National Bank of Muskogee, to be paid to the owners of the lots as soon as the material of said building was moved to the lumber yard of said defendants, Kenney and Kenney Lumber Company. Immediately preceding its prayer for dissolution of the restraining order, said petition contained the following paragraph:

"Defendants Kinney and Kinney Lumber Company further represent to the court that they agree that their money now in escrow in said bank remain in escrow in said bank until there is an equitable hearing in the above named action as to what amount of said money should go to the plaintiff, the Board of County Commissioners of Muskogee County, Oklahoma, for taxes."

At a hearing on the above-described petition or application, the court on September 21, 1938, dissolved the temporary restraining order theretofore issued and the following day, upon motion of the defendants, Kenney and Kenney Lumber Company, ordered that the bank and the persons named in their pleadings as owners of the lots be made parties to the action. Thereafter, however, said owners were dismissed from the action pursuant to an agreement between the parties whereby they were paid $50 from the escrow fund in the bank and relinquished all claim to the remaining $400 thereof.

Thereafter, the county treasurer was joined as a plaintiff in the action and the board of county commissioners filed a supplemental petition adopting all of the allegations of its original petition and further alleging in substance that when the defendants, Kenney and Kenney Lumber Company, applied for the dissolution of the court's previous order restraining them from removing the building from the lots in question it was agreed between the parties that the sum de-

posited in the Commercial National Bank as the purchase price for said building would remain there until it was judicially determined what portion of said sum should "go" to Muskogee county for taxes on said property, "that said money would stand in lieu of the building" and "that the taxes, if any, due should be paid from said fund. . . ." It was further alleged that by reason of said agreement the money became impressed with an equitable lien in favor of Muskogee county, and it was prayed that said agreement be enforced, said lien foreclosed, and that the plaintiff be given such other relief as in equity it was entitled.

When the cause came to trial the defendants, Kenney and Kenney Lumber Company, had also filed supplemental pleadings in which, among other things, they denied that the fund in question was impressed with a lien as alleged by the board of county commissioners, asserted that taxes could not legally be collected in the manner attempted by plaintiff and denied that the court possessed jurisdiction of such an action.

Before any evidence was introduced, the Commercial National Bank was dismissed from the action upon its payment into court of the $400 it had been holding in escrow. Thereupon the remaining defendants, Kenney and Kenney Lumber Company, renewed their challenge of the court's jurisdiction of said action, but the court withheld its ruling thereon, heard the evidence of both the plaintiffs and defendants, and thereafter entered its judgment dismissing the action on the following grounds as evidenced by the journal entry of said judgment:

". . . That plaintiffs' original petition filed herein prays for the sale of lands for delinquent taxes; that this court has no authority of law to sell lands for delinquent taxes; that said petition is void, and that all pleadings filed thereafter is void; and that the court has no jurisdiction over the subject matter herein. . . ."

This appeal from said judgment is presented in the name of the county treasurer of Muskogee county, as well as the board of county commissioners, but for the purpose of discussing the same, we will hereinafter refer only to the board as "plaintiff" and to Kenney and Kenney Lumber Company as "defendants."

On behalf of the plaintiff it is asserted that the dismissal of the action was due to the trial court's misconception of its nature. Plaintiff recognizes that in addition to a prayer for the temporary restraining order (thereafter issued) its original petition contained a prayer for the sale of the property involved to satisfy its asserted lien for taxes due thereon, and apparently concedes that the court was without jurisdiction to grant the latter relief. It is urged, however, that said prayer was not determinative of the character of the action and consequently the court erred in regarding it as an action for the sale of lands for delinquent taxes. We think there can be no question about the correctness of this position.

If the prayer of the original petition be considered a part of the pleadings at the time the cause was tried (even though plaintiff in its supplemental petition expressly adopted only the *allegations* of said petition), a dismissal of the action was not warranted. The supplemental petition set forth facts which in no way concerned the foreclosure of a lien on real estate. It sought to establish the plaintiff's right to what remained of the sum of money originally placed in escrow by the defendants for the owners of the property and predicated that asserted right not merely on the fact that a larger sum was due the county for taxes, but upon the theory that the identical sum was due it by reason of a special contract entered into during the course of the proceedings. It is also worthy of notice that in the latter pleading the plaintiff did not confine its prayer to any particular relief, but also prayed for "such other relief" as in equity it might be entitled. In Tucker et al. v. Porter et al., 181 Okla. 30, 72 P. 2d 388, this court held:

"The prayer of a petition forms no part of the statement of the cause of action, and in an action of equitable cognizance, if the petition alleges facts constituting a cause of action, such relief should be

granted under the general prayer for relief as is justified by the facts alleged and proved, though plaintiff may not be entitled to the special relief asked for in the prayer."

In rendering the judgment in question, the court did not purport to determine the merits of the controversy even though the defendants in their final pleadings joined the issues raised in the plaintiff's supplemental petition and both parties introduced evidence concerning the agreement alleged therein. The court's decision was no more than a judgment on the pleadings, and it is well settled that in such a determination no particular portion of the pleadings should be considered exclusively, but if any or all of plaintiff's pleadings state facts entitling him to any relief, either legal or equitable, the cause should not be dismissed. Redskin Mining Co. v. McNeal Machinery Co., 108 Okla. 213, 234 P. 985; Hawkins v. Overstreet, 7 Okla. 277, 54 P. 472. The fact that plaintiff may have misconceived the nature of his remedial right constitutes no ground for such judicial action under the Code of Civil Procedure in force in this state. Fraley v. Wilkinson, 79 Okla. 21, 191 P. 156, 158, quoted in Tucker et al. v. Porter et al., supra.

In view of the foregoing considerations, it is our opinion that the trial court erred in dismissing the present action. Its judgment of dismissal is hereby reversed and the cause is remanded to said court for a new trial.

WELCH, C. J., CORN, V. C. J., and OSBORN and GIBSON, JJ., concur.