## WISE v. LATIMER.

No. 33224.    Sept. 28, 1948.

*198 P. 2d 1001.*

Lavern Fishel, of Coalgate, and Wayne B. Snow, of Oklahoma City, for plaintiff in error.

Gilbert W. Daney, of Atoka, for defendant in error.

HURST, C.J. In 1939, the defendant, Tom Wise, agreed with Willie Jones, the then owner of lot 1 of 18-3-13 in Atoka county, to purchase the northwest ten acres of said lot. Accordingly, a deed was executed, delivered and recorded describing the land to be conveyed as the "Northwest Quarter" of said lot 1, but by mistake the deed described it as being in range 11 instead of in range 13. It did not specify the number of acres. Instead of having the land surveyed, the parties stepped off ten acres in the northwest corner of lot 1. The following year, Wise erected improvements near the east line of the ten-acre tract, and has ever since been in actual possession of the ten acres. Jones acquired the property at a tax resale in 1938 and, in order to clear and quiet his title, Wise, in August, 1941, acquired from the former owners a quitclaim deed covering the said northwest quarter of lot 1 and described it as containing ten acres. In November, 1946, Wise acquired a correctional deed from Jones describing the land as being the northwest quarter of said lot 1 and as being in range 13, but again omitting the number of acres. After December, 1939, Jones conveyed to Tom Wise, Jr., the five acres adjoining the ten acres on the east and it was described as the west half of the N. E.¼ of the N.W.¼ of the N.W.¼ of 18-3-13, containing five acres. In May, 1941, Jones conveyed the remainder of lot 1 to one Dodson, and following the description, the deed contained this statement: "Less 15 acres heretofore conveyed to Tom Wise and Tom Wise, Jr." This deed was recorded May 6, 1941. By mesne conveyances the five-acre tract conveyed to Tom Wise, Jr., was acquired by the plaintiff, Albert D. Latimer and his wife, in July, 1944. On April 9, 1946, Albert D. Latimer served notice upon Wise that he had had a survey made of the line between the two tracts of land and that the true line was west of the improvements that had been erected by Wise, and he notified Wise to remove his improvements from said five-acre tract pursuant to 4 O.S. 1941 §149, and that if he failed to do so within the time specified in said section the improvements would belong to him, Latimer. In September, 1946, Wise took steps to build a fence on the east line of his ten-acre tract, after having the line surveyed. On September 24, 1946, Latimer commenced this action to enjoin Wise from building the fence, to quiet his title to the five acres described in his deed and to the improvements erected by Wise, and to enjoin him from further claiming said disputed land and improvements.

Wise filed an answer and cross-petition alleging, among other things, that he had been in possession of the ten acres since he acquired title thereto and that the plaintiff had actual and constructive knowledge of his possession and claim to the said ten-acre tract. He further alleged that in drawing the deed, the land was by mutual mistake described as the northwest quarter of said lot 1 instead of the northwest ten acres of said lot 1, and he asked that his title to the northwest

ten acres of said lot 1 be quieted as against all claims of the plaintiff.

Lot 1 is on the west edge of the township and contains less than 40 acres, and the northwest quarter thereof contains but 7.7 acres. The evidence clearly shows that Jones intended to convey to Wise, and Wise intended to purchase, and paid for, ten full acres in the northwest corner of lot 1, but a mutual mistake was made in drawing the deed so that it actually covered but 7.7 acres, or 2.3 acres less than was intended. The improvements in dispute are on this 2.3-acre tract.

The court rendered judgment in favor of the plaintiff enjoining the erection of the fence and quieting plaintiff's title to the land in dispute together with the improvements thereon. From that judgment the defendant Wise has appealed.

While Wise did not ask specifically for reformation of his deed, he did ask to quiet title to the ten acres as against the claims of Latimer and for general relief. His rights are dependent upon the facts alleged and proved rather than the prayer of his petition. Tucker v. Porter, 181 Okla. 30, 72 P. 2d 388.

Latimer was required to take notice of whatever claim or right Wise had in the 2.3 acres in dispute, of which he had actual possession. Wade v. Burkhart, 196 Okla. 615, 167 P. 2d 357; West, Oklahoma Digest, Vendor & Purchaser, §232. He did not allege or prove, and does not now claim, that he was an innocent purchaser without notice.

Wise is entitled to reformation of the deed as against Latimer and is entitled to have his title quieted. 53 C. J. 982, §132; 45 Am. Jur. 626, §70.

Judgment reversed, with directions to enter judgment in favor of the defendant, Wise, reforming the deed so as to convey to him the northwest ten acres of said lot 1 and quieting his title thereto as against all claims of plaintiff, Latimer.

RILEY, WELCH, CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur.