Note.—See under (1) 35 Cyc. pp. 1013, 1026. (2) 35 Cyc. p. 1008. (3) 35 Cyc. p. 1027 (4) 35 Cyc. p. 989.

---

## NILES et al. v. CITIZENS NAT. BANK of EL RENO.

No. 14905— Opinion Filed Jan. 27, 1925.

Rehearing Denied May 26, 1925.

**Appeal and Error—Joint Assignment of Error.**

A joint assignment of error must be good as to all who join in it or it will be good as to none.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Canadian County; James I. Phelps, Judge.

Action by the Citizens National Bank of El Reno, Oklahoma, against the Board of County Commissioners of Canadian County and others. Judgment for plaintiff, and

F. A. Niles and six others appeal. Dismissed.

A. G. Morrison, for plaintiffs in error.

M. D. Libby, for defendant in error.

Opinion by RAY, C. Seven parties having no joint or common interest are joined in one petition in error with a single assignment of error:

"The said court erred in sustaining the demurrer to the answer of the defendants and each of them and said action of the court in sustaining said demurrers and each of them, the defendants there and then severally excepting, which exceptions was allowed by the court."

The general rule is that a joint assignment of error must be good as to all who join in the assignment or it will not be available to any of them. This is the rule as laid down in the text in Cyc., C. J., and R. C. L., and supported by the authorities there cited.

"It is an elementary and well settled rule that joint assignments of error must be good as to all who join therein, or they will not be available as to any of them. If the assignment of error is not good as to one it will be overruled as to all." 2 Cyc. 1003.

"Where several parties separately appeal or bring error or complain of errors which do not affect all of them, or which affect them severally and not jointly, the rule is that their assignment of errors not only may but must be several and not joint, the rule being that upon a joint assignment of errors one of several plaintiffs in error cannot avail himself of errors which are not common to all, but which affect or injure him alone." 3 C. J. 1501.

"As a joint complaint in a trial court must be good as to all who join or good as to none, so a joint assignment of error, to be sufficient, must be founded on a ruling against all, and must be erroneous as to all or it will be held so as to none." 2 R. C. L. 166, par. 142.

It is essential to an orderly and reasonably prompt disposition of cases that questions for decision should be presented to this court in the same manner as to the trial court. Clearly the plaintiffs in error could not have joined in one pleading in the trial court. By their several answers, in the nature of cross-petitions, each sought affirmative relief. The controversy arose over the disposition of a sum of money due from the county commissioner of Canadian county to an absconding road contractor. No bond had been required of the contractor to secure payment for labor and material. By the terms of the contract the money was due when the work was accepted and proof submitted that all claims for ma-terial or labor had been satisfied. Because the claims presented were largely in excess of the amount due, the commissioners had refused to allow any of them. The Citizens National Bank of El Reno, holding an assignment from the contractor, commenced suit to recover the entire amount due. The county commissioners by their answer acknowledged the indebtedness, asked that the other claimants be made parties, and that they be permitted to pay the sum due into court and be discharged from further liability. On the same day the plaintiffs in error each asked, and was granted, leave to appear and answer, and each filed his separate answer, or cross-petition, setting forth the grounds upon which he claimed a lien upon the fund. A demurrer was sustained to each answer separately, and the parties severally gave notice of appeal. Each claimed a lien upon the theory that the commissioners, by the clause in the contract above referred to, contracted for the benefit of those furnishing labor and material. Without deciding whether those claimants who furnished labor or materials are entitled to have a lien impressed upon the fund, it is clear that Chris Ritter, who sought to recover for eggs, butter, milk, oats, hay, and other supplies for men working on the job, and R. D. Tompkins, who claimed a lien for meat sold the contractor, were not entitled to such lien for the simple reason that their pleadings show that neither labor nor materials were furnished. The amount of the claims was largely in excess of the fund. Instead of the interests of the parties being joint or in common, they were conflicting. Clearly the assignment of error is not good as to Ritter and Tompkins, and, therefore, not good as to any of the parties, and presents nothing to this court for consideration. The motion to dismiss the appeal should be sustained and the appeal dismissed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 1352.