### W. T. RAWLEIGH CO. v. RIGGS et al.

No. 17178—Opinion Filed Jan. 4, 1927.

**Appeal and Error—Joint Assignment of Error—Effect.**

Where a joint motion for new trial is filed and a joint assignment of error is relied on, that the evidence was insufficient to sustain the judgment as to all of the defendants, if not good as to one, no inquiry will be made as to the other, and the error assigned is of no avail.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Woodward County; James B. Cullison, Judge.

Action by W. T. Rawleigh Company against W. C. Riggs et al. From the judgment, the plaintiff appeals. Affirmed.

O. C. Wybrant, for plaintiff in error.

S. M. Smith and S. A. Horton, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Woodward county by the plaintiff in error, as plaintiff, against defendants in error, as defendants, to recover the sum of $1,090.36.

Upon the trial of the case default judgment was rendered against the defendant W. C. Riggs, and judgment was rendered in favor of the other defendants, Vansickle and Hornbeck, and against the plaintiff.

The record discloses that the defendant W. C. Riggs had formerly entered into a contract with the W. T. Rawleigh Company, plaintiff, whereby the said Riggs was to sell certain wares and merchandise manufactured by the plaintiff, Rawleigh Company, and the defendants Vansickle and Judson D. Hornbeck were guarantors on

a contract of guaranty executed by the said Riggs to the Rawleigh Company, guaranteeing the payment of all amounts that might become due the plaintiff, Rawleigh Company, from the defendant Riggs under the terms of the contract. Judson D. Hornbeck died prior to the institution of this suit and his widow, Annis E. Hornbeck, was appointed administratrix of the estate and was one of the party defendants in this action. The contract of guaranty signed by the defendants provided that:

"We, the undersigned, do hereby jointly and severally guarantee unto said, the W. T. Rawleigh Company, the above named seller, unconditionally, the payment in full of the balance due or owing said seller on account, as shown by its books at the date of the acceptance of this contract of guaranty by the seller," etc.

It appears from the record that all of the indebtedness sued for existed at the time of the execution of the contract of guaranty, and had accrued under a former contract by and between the same parties. And the trial court, following the rule announced in the case of Thomason et al. v. W. T. Rawleigh Co., 222 Pac. 1017, held that the plaintiff could not recover under the terms of the contract for antecedent indebtedness. The Thomason Case, supra, however, as reported in 222 Pac. 1017, did not become final. The opinion as adopted is reported in 117 Okla. 239, 245 Pac. 829, and affirms the judgment of the trial court, superseding the opinion as reported in 222 Pac. 1017, following the rule announced in 32 Cyc., page 56, holding the guarantors responsible as follows:

"But if the surety becomes responsible for advancements to be made as well as for the former debt, and such future advancements are made, there is consideration for the entire indebtedness, past and future."

And this is the correct rule in dealing with contracts of guaranty such as is here involved. If this were the only question involved in the case it would require a reversal of same. The appellee, however, calls attention to the fact that one of the material allegations of plaintiff's petition was that the claim against the estate of Judson D. Hornbeck, deceased, had been duly presented and rejected by the administratrix, Annis E. Hornbeck, and that there is a total failure of proof to sustain this allegation, and the judgment of the court sustaining motion for judgment because of the insufficiency of the evidence was unquestionably correct, in so far as the defendant Annis E. Hornbeck is concerned.

The rule announced in the case of Niles v. Citizens Nat. Bank, 110 Okla. 146, 236 Pac. 414, provides that:

"A joint assignment of error must be good as to all who join in it or it will be good as to none"

—following the rule announced in R. C. L., Vol. 2, 166, section 142, as follows:

"A person can only assign error which is prejudicial to himself. Thus, one party cannot assign an error as to a co-party. On the other hand, as a joint complaint in a trial court must be good as to all who join or good as to none, so a joint assignment of error, to be sufficient, must be founded on a ruling against all, and must be erroneous as to all or it will be held so as to none."

Numerous other authorities are in accord therewith.

The motion for new trial was joint, and likewise the assignment of error lodged in this court was directed against the entire judgment against each of the defendants, and we take it that, under this rule, the judgment of the court being correct, unquestionably, as to the defendant Hornbeck, the objection raised by the motion for new trial and the assignment of error as set forth are not sufficient.

We therefore hold that the case should be, and the same is hereby affirmed.

By the Court: It is so ordered.

Note.—See 3 C. J. 1352, §1501; 2 R. C. L. p. 167; 1 R. C. L. Supp. p. 442; 6 R. C. L. Supp. p. 70.