**GEORGIA STATE SAVINGS ASS'N v. SUN LBR. CO.**

No. 19046.    Opinion Filed April 23, 1929.

Rehearing Denied Sept. 10, 1929.

12

L. D. Threlkeld and Anglin & Stevenson, for plaintiffs in error.

R. J. Bollman, for defendant in error.

LEACH, C. Sun Lumber Company, defendant in error, as plaintiff, filed this action in the district court of Hughes county against J. R. Hodge, Bert Wallace, Georgia State Savings Association, and others, as defendants, to foreclose a materialman's lien against two lots and the improvements thereon in the city of Holdenville, it being alleged that material was furnished by the plaintiff to J. R. Hodge, the owner, and used by him in the construction of the improvements on the lots; that the amount due therefor was $2,283, as evidenced by note executed by Hodge to plaintiff; that the other defendants claimed some interest or lien upon the property, which interest, if any, was junior to that of the plaintiff.

The Georgia State Savings Association answered by general denial, and alleged that it held a first and prior lien upon the property for the sum of $560.71 by virtue of certain assignments to it of liens for material furnished and used in the construction of the improvements, and claimed a further and superior lien upon the property involved by virtue of a mortgage thereon for the sum of $3,398.34 executed by the owner, Hodge, to it; also alleged that a sufficient amount of the money and proceeds derived from such mortgage was paid by Hodge to the plaintiff, but that the plaintiff, with full knowledge of the source of such funds, applied the payments to other accounts and indebtedness due and owing it by the owner, and failed to apply such payments in liquidation of its alleged lien as it should and was required to do.

The defendant Wallace answered by general denial, and alleged that he sold the lots involved to his codefendant, Hodge, and agreed to take a second mortgage for part of the purchase price, such purchase price mortgage to be withheld from the record until Hodge could obtain funds from a first mortgage on the property, the proceeds of which were to be used in the purchase of material and construction of improvements on the lots; that at the time the plaintiff, lumber company, furnished the material for the construction of the improvements, the defendant Hodge had no title to the lots.

and plaintiff obtained no lien thereon; also further alleged that the plaintiff had been paid for the material for which it claimed a lien.

Upon a trial of the cause to the court, judgment was entered therein decreeing the claim and lien of the plaintiff, Sun Lumber Company, and the assigned materialman's liens held by Georgia State Savings Association, as assignee, to be of equal rank, and they were adjudged a first and superior lien on the building and improvements involved, and the mortgage liens of the savings association and of defendant Wallace were adjudged second and third liens, respectively, on the improvements. The Georgia State Savings Association was awarded a first lien upon the lots involved, separate and apart from the buildings thereon, for the amount found due it on its mortgage, and likewise a second lien was awarded it for the amount due it as assignee on other liens; the defendant Wallace was awarded a third lien for the amount found due him under his mortgage, and the plaintiff was awarded a fourth lien on the lots. The improvements and lots were ordered appraised and sold separately, and the proceeds applied in satisfaction of the sums and liens awarded the respective parties.

The Georgia State Savings Association and Bert Wallace bring this appeal from the judgment so entered, and file herein their joint petition in error and present and argue their assignments of error under two propositions. The first proposition as set out in their brief is as follows:

"Did the plaintiff have the right to accept money from the owner and contractor under the evidence in this case, and apply the same in a manner that was detrimental to the interests of the loan company, which in good faith had advanced money on a mortgage for the purpose of paying all liens specifically on the property upon which it had its lien?"

Under such proposition they contend that, according to the decided weight of the evidence, the plaintiff, lumber company, was in possession of sufficient facts to put it on inquiry when it received from the owner, Hodge, the two checks referred to in the record, and should have applied the sums received in satisfaction of its asserted claim; that the trial court arbitrarily applied the general rule that, where a debtor makes a payment to a creditor, in the absence of specific directions, the creditor has the right to apply the payment where it chooses.

Attention is called to certain testimony

shown in the record which tends to show that the plaintiff, lumber company, knew the owner, Hodge, was dependent upon the proceeds from a mortgage loan on the property to pay for the improvements, and that it was notified or in possession of sufficient facts to put it on notice of the source of the funds paid it.

Plaintiffs in error cite cases wherein it was held that the materialman was required to apply the payments made by contractor to the liquidation of the liens against the property of the owner who furnished the funds for such payments. The only Oklahoma case cited is that of Kubatzky v. Pittsburgh Plate Glass Co., 119 Okla. 236 249 Pac. 412, wherein it was held:

"Where P., with knowledge of the fact that K. is erecting two buildings, one on lands owned by K. and one on lands owned by T., and T. delivers to P. its check, made direct to P. as payee, for a sum sufficient to pay all claims for materials furnished by P. for the erection of a building on T.'s lands, P. is required to credit the sum of said check against the charges on T.'s lands irrespective of any direction as to the application of such sum by the contractor."

The facts in that case are not analogous to the instant one. There the payment was made direct by the property owner to the materialman who had furnished material to a contractor, and it appears that the materialman was aware of the purpose and source of the payment.

Attention is also called to the rules announced in 18 R. C. L. p. 974, and 40 Corpus Juris, p. 344, relating to application of payments made by contractor to materialman. We find the statement in Corpus Juris to be in part as follows:

"Frequently, a person furnishing materials to a contractor, engaged in the erection of several buildings, accepts from the contractor payment of money received by the contractor from the owner of one of the buildings, and the question arises whether an application of the payment otherwise than on the claim for materials furnished for the building of the owner supplying the money will be upheld. The question is generally determined according to claimant's knowledge or notice, or absence thereof, of the source of the money paid, the application being upheld where claimant was without knowledge or notice of the source of the funds, but not where he had knowledge or notice of the source."

The authority and particular text continues, however, with the statement that there are holdings contrary to the rule stated.

From an examination of the authorities and various cases, it appears that the holdings of the courts are not uniform on the subject, but that each case is largely decided upon the particular facts and circumstances of the case in hand. The rule and cases cited and relied upon by the plaintiffs in error relate to payments made by a contractor from or with funds received from the owner of the property, while in the instant case the owner, who is also the debtor, executed a mortgage on the property involved, and the payments were made direct by him to the materialman.

The case of Thacker v. Bullock Lumber Co. (Ky.) 131 S. W. 271, involved the application of payments made by a contractor to materialman. It is stated in the syllabus of that case:

"To deprive a creditor of the right to apply a payment where the debtor does not direct the application, it must appear that the money of an innocent third person can be traced through the debtor to the creditor, and the creditor must know that he is receiving the third person's money, or there must be facts sufficient to put him on notice, and the equity of the third person cannot affect the creditor when it is unknown to him and he acts innocently."

The plaintiff, in the case of Union Central Life Ins. Co. v. Co-operative Lumber Co. et al. (S. D.) 212 N. W. 876, made a loan to a party and took a mortgage on his lands. Part of the proceeds of the loan was used in taking up prior mortgages on the land, and a portion was paid by the landowner to the defendant lumber company who had furnished material for improvements on the land for which it claimed a lien, but the payment made to the lumber company, or a portion of it, was applied in liquidation of an account owing by the landowner to the lumber company for which it had no lien. The plaintiff in that action sought to have its mortgage lien adjudged prior and superior to the lien claimed by the defendant lumber company. The court, in the body of the opinion there, states that the evidence fails to substantiate the claim of the plaintiff that the defendant knew it was the intent and desire of the landowner that the payment should be applied on the debt for the material used in improving the land, and further said:

"The facts and circumstances shown do not raise any equities in favor of plaintiff. It was not in position where it was obliged to pay off a superior lien in order to protect an existing lien of its own. It had notice of the existence of the said mortgages before it made the loan, and it was charged with notice that the building material was

being delivered on the premises and the barn was being constructed before it parted with its money."

The record in the instant case discloses that the owner, Hodge, was or had been engaged in the construction of several buildings on lots other than those involved in this suit; that he obtained a loan from the savings association on the property involved for the sum of $3,500, the proceeds of which was paid direct to him and deposited by him to his credit with other funds in a bank; that shortly thereafter, on two different dates, about five days apart, he, Hodge, delivered to the plaintiff, lumber company, two different checks each covering the identical amount due for materials used in the construction of buildings on other lots.

There is a conflict in the evidence as to the notice and as to what knowledge the plaintiff company may have had as to the mortgage and loan made by the savings association. A witness on behalf of the lumber company testified that the plaintiff company had no notice that such loan had been made; that Hodge, the owner, advised him that the loan had not been completed at the time of the payments in question, and that the checks or payments made by Hodge were directed by him to be applied in payment of the accounts to which they were applied; such witness also denied that any representative of the loan association notified him that payment had been made on the loan. The testimony of the defendant Hodge was indefinite, not positive on the point as to whether he advised the plaintiff, lumber company, the source of the funds covered by his checks, or whether he directed the application of payments made by him. The amount of the two checks given by the defendant Hodge to plaintiff was in excess of the amount due for material on the lots in question, and after giving such checks, Hodge executed his note to the lumber company for the amount of the material for which the lien was filed. We think a reasonable conclusion might be drawn from the evidence that the owner requested or consented to the application of the payments in the manner in which they were applied. Furthermore, the evidence is not conclusive that the plaintiff had notice, or was in possession of, sufficient facts to put it on inquiry as to the source of the funds paid it.

The trial court in the instant case made no special findings of fact, and we fail to find in the record sufficient to bear out the contention of plaintiffs in error that the trial court arbitrarily applied the usual rule, that is, that the creditor may apply the payments as he sees fit in the absence of direction from the debtor, or that the trial court overlooked the exceptions to such rule.

"3. * * * In an equitable action, the presumption is in favor of the finding of the trial court, and it will not be set aside unless clearly against the weight of the evidence. Where the finding of the trial court is general, such finding is a finding of each special thing necessary to sustain the general finding." Weaver v. Drake et al., 79 Okla. 277, 193 Pac. 45.

The judgment in the instant case does appear to be against the clear weight of the evidence, and, under the well-established rule in such a case, the judgment should not be reversed upon the first proposition advanced and presented by the plaintiffs in error.

The second proposition and ground for reversal presented by plaintiffs in error is that the plaintiff, Sun Lumber Company, failed to prove that the material for which it claimed a lien actually entered into the construction of the improvements upon the lots involved. In support thereof attention is called to the rule announced in the case of Kubatzky v. Pittsburgh Plate Glass Co., supra, and similar decisions, wherein it is held that the party seeking to establish a lien for materials furnished has the burden to show and establish that such material was used in the construction of the particular improvements, and it is stated that there is no evidence in the instant case showing such fact.

The defendant and owner, Hodge, executed to the lumber company his note for the amount alleged to be due for the material furnished, in which it is recited that the note is given for material purchased by the maker from Sun Lumber Company and used in the erection and construction of the improvements located on the lots in question. The local manager of the lumber company testified in part:

"Q. You made the contract to furnish sufficient lumber to build that house? A. Yes. Q. Was the defendant, Bert Wallace, present and around that job while you were furnishing the material and that house was under construction? A. Yes, sir. Q. He knew that this material was going for the improvement of these lots at the time it was being furnished? A. Yes, sir. Q. How do you know he knew that? A. Mr. Wallace was on the job when it was first commenced, and there a number of times after that. Q. You were on the job? A. Yes, sir."

The defendant Hodge testified, in sub-

stance, that he had arrangements with the lumber company to purchase his materials from them exclusively, and that the house in question was completed. The amendment to the answer of the defendant Bert Wallace filed in the case contains this statement:

"* * * That at the time the plaintiff furnished the material for the construction of the house, which is the subject-matter of this suit, there was no title in the defendant Hodge * * *"

—from which it would appear to be conceded that the plaintiff company furnished the material for the construction of the improvements on the lots in question. From the record as a whole it appears the case was tried upon that theory.

"A joint assignment of error must be good as to all who join in it, or it will be good as to none." Niles v. Citizens' Nat. Bank, 110 Okla. 146, 236 Pac. 414; Kingkade v. Plummer, 111 Okla. 197, 239 Pac. 628; W. T. Rawleigh Co. v. Riggs, 123 Okla. 42, 252 Pac. 428.

The parties who bring this appeal file and present a joint petition in error.

We find the record sufficient to sustain the judgment and establish that the lumber company furnished the material for the improvements. Fox Rig Co. v. Bell et al., 128 Okla. 301, 263 Pac. 119.

We are of the opinion and hold that the evidence and record reasonably support the judgment.

Finding no reversible error in the cause, the judgment of the district court is affirmed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.