**CLARK, Adm'r, et al. v. SLOAN.**

. No. 22432. Oct. 23, 1934.

348

Rizley & Sweet and Magee & Sturdevant, for plaintiffs in error.

E. B. McMahan and John L. Gleason, for defendant in error.

McNEILL, J. This appeal involves the recovery of damages for conspiracy. For a number of years prior to January 15, 1918, Dudley C. Sloan, plaintiff, defendant in error herein, and Robert H. Clark operated adjoining cattle ranches in Cimarron county. A portion of the ranch of each was leased from the state for grazing purposes at five cents per acre per year. The division fence between their ranches, extending north and south, ran diagonally from a point near the northwest corner of section 27 to a point near the northeast corner of section 15, in the same township, thus making a triangular tract of land composed of 858 acres of state land. This tract of land was in plaintiff's pasture, and Clark wanted the same to be included in his pasture. Clark owned the fee title in two 80-acre tracts in section 34, in the same township, and also had a state lease on two 80-acre tracts in section 33 in said township, which were projected into plaintiff's pasture, but which were enclosed with a fence. Clark had pending before the Commissioners of Public Lands a contest against the plaintiff's lease on the aforesaid 858 acres, and the petition charged in substance that on or about January 15, 1918, said Clark and other defendants, to wit, his wife and children, formed a conspiracy, the intent, object, and purpose of which was to have Clark enter into a binding contract with plaintiff whereby Clark was to agree to lease to plaintiff two 80-acre tracts in said section 34 owned by Clark, and to relinquish to plaintiff his lease on the two 80-acre tracts owned by him in section 34, which he had agreed under the terms of said contract to be leased to plaintiff, and that if he were compelled by the court to execute a lease upon said two 80-acre tracts of land in said section 34, he would convey said lands and all of his property to the defendants Harry Clark, a son, his wife, and two other daughters, and by other methods, the effect of which was that Clark would resist legal proceedings as long as he could

by appealing from any judgment which might be rendered against him and by making conveyances from one member of the family to another, so as to prevent the plaintiff from ever obtaining the use of these two 80-acre tracts in section 34.

Plaintiff and Clark entered into said contract for the relinquishment of said tract of 858 acres, and plaintiff relinquished and Clark obtained a lease upon said grazing tract of land. Plaintiff recovered from Clark the use of the two tracts of 80 acres each, but Clark refused to lease or permit plaintiff to use the same. This refusal continued from May 10, 1918.

In 1922, plaintiff brought suit in the district court of Cimarron county to compel Clark to make him a lease. In 1924, a decree was entered in that case, ordering Clark to execute the lease prayed for. Clark appealed from a judgment of the district court, and that action was affirmed by this court in 1926. See Clark v. Sloan, 117 Okla. 303, 246 P. 425. However, Clark continued to refuse to execute a lease, and the sheriff of said county executed a lease to plaintiff and placed him in possession of said land. Plaintiff took down some of the fences around the two tracts of 80 acres, and did other fencing so as to include these tracts in his pasture. The next day, Harry Clark, son of Robert H. Clark, one of the defendants herein, replaced the fences so as to fence these two tracts out of plaintiff's pasture, and immediately filed a suit against plaintiff in the district court of Cimarron county seeking to enjoin plaintiff from going on said tracts of land, or ever interfering in any way with the fence. Prior thereto, however, said Robert H. Clark had conveyed these tracts. In 1923, he conveyed the same to his wife, and again in 1926 he joined with his wife in conveying them to his son, Harry Clark. He also transferred his lease which he had obtained by relinquishment from plaintiff to his said son, and by other conveyances, so that at the time the instant action was commenced Harry Clark was in possession of the said tract of 858 acres which had been obtained from plaintiff. The scene of action appears to have been prolific with intense feeling and litigation.

The issues were presented to the jury, and the verdict was rendered in favor of plaintiff in the sum of $1,000. The court approved and rendered judgment upon the verdict, and plaintiff in error, being defendant below, appealed from that judgment.

The trial court sustained a demurrer to the evidence as to certain defendants, being two daughters of the defendant Clark. Plaintiff in error urged that the petition did not state a cause of action; that the evidence was insufficient to warrant a recovery, and plaintiff's cause of action was barred by the statute of limitations.

The defendant Alza K. Clark, wife of Robert H. Clark, makes a specific allegation that the evidence was insufficient to charge her with conspiracy, but the record shows that she filed no separate assignments of error in this court. She joined the other defendants in their motion for new trial, and also joins in this court in the other defendants' assignments of error. A separate motion for new trial and separate assignments of error are necessary by one of several defendants who urges that as to him the evidence is insufficient to warrant a recovery. See Rawleigh Co. v. Riggs et al. 123 Okla. 42, 252 P. 428; Niles v. Bank, 110 Okla. 146, 236 P. 414; Kingkade v. Plummer, 111 Okla. 197, 239 P. 628; Bilby v. Gibson, 133 Okla. 196, 271 P. 1026.

Plaintiffs in error, being defendants in the trial court, and hereinafter referred to as defendants, urge that the members of a conspiracy are not civilly liable except for damages resulting from some overt acts or act in furtherance of the conspiracy; that the gist of the action is the damage; that the proof of conspiracy adds nothing to the cause of action, but does enable the plaintiff to recover damages against all parties to the conspiracy, whether or not they actually participated in the overt act; that what one may lawfully do singly, two or three may lawfully agree to do jointly; that the overt act must be such as would be actionable if committed by a single defendant; and that if the act will not support a civil action for damages when done by one person, it is not actionable when committed by two or more persons acting in concert.

Defendants submit that the following overt acts were charged in plaintiff's petition:

"(1) Clark induced the contract to make exchange of leases between himself and plaintiff, but he refused to give a lease on his fee land in section 34.

"(2) Clark appealed from the judgment of the district court rendered against him on November 12, 1924, directing him to execute such lease and the mandate approving the lower court's decree did not issue until November 1, 1926.

"(3) That after the mandate, Clark still failed to execute the lease and was com-

pelled to obtain one from the sheriff, November, 1926.

"(4) Between the years 1923 and 1926, Robert Clark conveyed his lands by various deeds to different members of his family.

"(5) Clark and wife did in 1925 mortgage a portion of his lands to one Wilson for $1,500, and Wilson foreclosed the mortgage and bought the land in at foreclosure sale.

"(6) That Harry Clark on November 17, 1926, filed suit in the district court of Cimarron county against the plaintiff, enjoining him from going upon the fee lands formerly owned by Robert Clark in section 34 and claiming to be the owner of these lands; that this action was pending and undetermined.

"(7) That on January 1, 1927, Harry Clark made application for and obtained grazing lease from the Commissioners of the School Land for the 858.46 formerly relinquished by plaintiff for Robert Clark's benefit; that on or about April 1, 1927, plaintiff petitioned the Commissioners to cancel the aforesaid lease executed to Harry Clark; that the Commissioners ordered cancellation, but Harry Clark in due time appealed from the order of the Commissioners and that appeal is still pending."

Defendants urge that none of these acts constitute actionable wrongs against plaintiff, and that inasmuch as the petition wholly fails to state an action against one of the defendants, it fails to state a cause of action against the defendants jointly.

In 12 C. J. 583, the following rule is stated:

"* * * The weight of authority is to the effect that while the act of an individual may not give rise to civil liability, yet the same act committed by several acting in concert may be unlawful and constitute an actionable wrong."

On page 588, it is said:

"Where parties in pursuance of a conspiracy or combination for that purpose fraudulently make use of legal proceeding to injure another, an action lies against them at the suit of the injured person to recover damages sustained. * * * By statutory provisions in some states it is a misdemeanor for two or more persons to conspire falsely to maintain any suit, action or proceeding."

In 5 R. C. L. page 1092, the rule is stated as follows:

"It has been asserted that a conspiracy cannot be made the subject of a civil action, unless something is done which, without the conspiracy, would give a right of action, and that what one may lawfully do singly, two or more may lawfully agree

to do jointly; the number who unite to do the act cannot change its character from lawful to unlawful. A more reasonable view of the matter, however, is that while ordinarily that is the case, yet where the act done by the individual is not actionable because justified by his rights, though harmful to another, the act becomes actionable when done in pursuance of a combination of persons actuated by malicious motives and not having the same justification as the individual."

See, also, Dixon v. Bowen, 85 Colo. 194, 274 P. 824.

It is the contention of the plaintiff that where two or more persons agree among themselves to bring about a condition which injures another person or persons, and where the motives for doing the thing which so induced the other is a desire to injure such other persons, then the conspiracy becomes actionable in favor of the injured person.

In the case of Hawarden v. Youghiogheny, 111 Wis. 545, 87 N. W. 472, the Supreme Court of Wisconsin, in speaking of the case of State ex rel. Durner v. Huegin, 110 Wis. 189, 85 N. W. 1046, in which Mr. Justice Marshall exhaustively reviewed the authorities, said:

"It was there stated, in substance and effect, that persons have a right to combine together for the purpose of promoting their individual welfare in any legitimate way, but where the purpose of the organization is to inflict injury on another, and injury results, a wrong is committed upon such other; and this is so notwithstanding such purpose, if formed and executed by an individual, would not be actionable. One person may, through malicious motives, attract to himself another's customers, and thus ruin the business of such other without redress; but when a number of persons, acting wholly or in part from such malicious motives, combine together, the injury to such other is actionable. 'Where the act is lawful for an individual, it can be the subject of conspiracy, when done in concert, only where there is a direct intention that injury shall result from it.'"

Robert H. Clark had no interests in the land in question which were in any way menaced by the plaintiff. The record does not indicate in any manner that plaintiff attempted to enforce any rights other than those arising by reason of his contractual relations with Robert H. Clark, but the record does indicate that Robert H. Clark, by reason of the scheme and general conduct of his business relating to the tracts of land in question, perpetrated an injury or wrong upon the plaintiff. The jury so found by its verdict.

We have considered the petition, and we are of the opinion that it states a cause of action for damages. In a civil action to recover damages for conspiracy, it is essential that the gist of the action be damages and not the conspiracy. Mangum Electric Co. v. Border, 101 Okla. 64, 222 P. 1002; Martens v. Riley, 109 Wis. 464, 84 N. W. 840. We find nothing in the instant case to conflict with any theory of law in the opinions upon the question of compensation in civil actions announced in the Martens Case, supra.

The evidence in our opinion was sufficient for submission of the facts to the jury. The evidence shows that Clark caused plaintiff to release his lease on the tract of 858 acres by agreeing in part to lease to plaintiff two tracts of 80 acres each, and that after the relinquishment by plaintiff on the tract of 858 acres, Clark, without apparent excuse or justification, refused to lease said tracts, which this court, by its opinion in Clark v. Sloan, supra, decreed that Sloan, plaintiff herein, was entitled to a judgment for specific performance to require performance of the execution of a lease covering the same. By different conduits, Clark divested himself of title to the immediate members of his family.

It is difficult to disentangle the acts of the members of the family from each other and to say from this record that there was not a combination of facts, which were not actuated by wrong motives to the wrong of plaintiff, all for the purpose to defraud plaintiff out of his property. The object was unlawful, a willful actionable violation of civil rights, which resulted in damages to plaintiff.

It is also urged that the cause of action was barred by the statute of limitations. Under the facts as pleaded and the evidence as submitted, the wrong which was being perpetrated against plaintiff was a continuous wrong, and constituted overt acts in furtherance of an injury sought to be imposed upon plaintiff.

In the case of Montgomery v. Crum, 161 N. E. 251, the Supreme Court of Indiana, in discussing the application of the statute of limitations, in an action to recover damages against the defendant in forming a conspiracy, announced the following rule in syllabus 13:

"Where action is for damages resulting from the various consequences of one continuous wrong, statute of limitations will not begin to run until the overt acts constituting the wrong cease."

See, also, 37 C. J. 883, section 249.

We are of the opinion that the issues were properly presented to the jury under fair and applicable instructions.

We find no prejudicial error and the judgment of the trial court is affirmed.

RILEY, C. J., and BAYLESS, BUSBY, and WELCH, JJ., concur. SWINDALL, J., not participating. CULLISON, V. C. J., and ANDREWS and OSBORN, JJ., absent.