**HALEY et al. v. WYTE et al.**

No. 23293.    Oct. 30, 1934.

N. E. McNeill and John McCune, for plaintiffs in error.

Charles A. Moon and Francis Stewart, for defendants in error.

PER CURIAM. This is a case brought by C. R. Haley, as plaintiff, against Jim Wyte, contractor, to recover the sum of $72 for labor performed in erecting improvements on lot 675, block 51, Tulsa Heights addition to the city of Tulsa, Okla., and against E. J. Dean, owner of the land, Frank Motley, who had a contract for its purchase, and H. E. Ketcham, who had filed a lien thereon, and who it was claimed was the equitable owner. Ed Haley, Edmond Smith, and O. A. Copple were also made parties because of liens filed. The defendants Ed Haley, Edmond Smith, O. A. Copple, and H. E. Ketcham filed cross-petitions, claiming liens on the property, Ed Haley and Edmond Smith claiming liens under a contract with Jim Wyte, and H. E. Ketcham and O. A. Copple claiming under contracts with Frank Motley. A judgment was rendered giving plaintiff and all defendants separate judgments for the amount claimed to be due, but giving H. E. Ketcham a first lien on the premises for his judgment and the plaintiff and other defendants a second lien thereon.

A joint appeal was taken by C. R. Haley, plaintiff below, and Ed Haley, Edmond Smith, and O. A. Copple, defendants below, from said judgment.

We are met at the threshold of this case with a motion to dismiss the appeal on the ground that all plaintiffs in error are not jointly interested in all of the assignments of error.

A joint petition in error was filed in this cause, jointly assigning errors, as follows:

"1.    Said court erred in overruling motions of plaintiff in error for a new trial.

"2.    Said court erred in adjudging the defendant and cross-petitioner, H. E. Ketcham, to have a lien upon the improvements of the premises in controversy, prior to that of C. R. Haley, Ed Haley, and Edmond Smith.

"3.    Said court erred in denying C. R. Haley, Ed Haley, and Edmond Smith a prior lien on the improvements on the premises in question.

"4. Said court erred in adjudging defendant and cross-petitioner, H. E. Ketcham, to have a lien upon the improvements on the premises in question superior to that of O. A. Copple.

"5. Said court erred in denying O. A. Copple a lien co-equal to that of H. E. Ketcham on the improvements on the premises in question.

"6. Errors of law occurring at the trial and excepted to by the defendant.

"7. That the judgment of the court is contrary to the clear weight of the evidence and contrary to the law applicable thereto."

In Niles v. Citizens' National Bank, 110 Okla. 146, 236 P. 414, we said:

"Where several parties separately appeal or bring error or complain of errors which do not affect all of them **or which affect them severally and not jointly,** the rule is that their assignments of error not only may but must be several and not joint, the rule being that upon a joint assignment of errors one of several plaintiffs in error cannot avail himself of errors which are not common to all, but which affect or injure him alone."

This rule has been restated in the cases of Kingkade v. Plummer, 111 Okla. 197, 239 P. 628; Rawleigh Co. v. Riggs, 123 Okla. 42, 252 P. 428; Bilby v. Gibson, 133 Okla. 196, 271 P. 1026; Georgia State Savings Association v. Sun Lumber Co., 138 Okla. 11, 280 P. 281; Temple v. Dugger, 164 Okla. 84, 21 P. (2d) 482.

Courts generally adhere to and enforce this rule (see authorities cited in 3 C. J. 1352, sec. 1501).

The case of Yeoman v. Shaeffer, 57 N. E. 546, was a case in which several landowners remonstrated, averring that the assessments made to construct a drain were too high. They filed a joint appeal. The Supreme Court of Indiana said:

"When the remonstrators are the owners of separate tracts of land,—as they are in this case,—and each is subjected by the verdict to a separate assessment for the construction of the drain, it cannot be said that they have any such joint interest in the proceedings, as will authorize either a joint motion for a new trial or a joint assignment of error. If any error is committed by the trial court in overruling a motion for a new trial, such error affects the landowners severally, and not jointly, and upon appeal a separate assignment of error should be filed by each. Upon a joint assignment of error one of several appellants cannot avail himself of errors, which are not common to all his co-appellants, but affect him alone. Neither can parties who jointly assign error take advantage of errors which affect them severally, and not jointly."

As stated in the case of McGuire v. State Bank (Utah) 164 P. 494, quoting from Mr. Elliott in his work on Appellate Procedure:

"Where several parties unite in one assignment of errors they will encounter defeat unless the assignment is good as to all. If the errors affect the parties severally and not jointly, the proper practice is for each party to assign errors, for the rule is well settled that a joint assignment will not permit one of several parties to avail himself of errors alleged on rulings which affect him alone and not those with whom he unites in the assignment. The rule that a joint assignment of errors must be good as to all who unite in it is in harmony with the general principle of pleading which requires a demurrer, an answer, or a motion to be good as to all who join in it."

The fact that there was but one judgment in this case adjudging H. E. Ketcham to have a first lien would make no difference. Each had filed separate pleadings on separate causes of action, and the judgment affects the plaintiffs separately and not jointly. In Southern Railway Co. v. Bretz (Ind.) 100 N. E. 477, it is said:

"It is clear that although but one paper was filed, the demurrer was separate and several as to each defendant, as much as if two separate papers had been filed, and was in no sense a joint demurrer. The courts ruling thereon was separate and several as to each defendant, and the exceptions saved were separate and several exceptions. * * *

"It is evident that as said appellants united in a joint assignment of errors as to the action of the court in overruling 'appellants' separate and several motions for a new trial, that said assignment was not good as to both, because said ruling as to each motion only affected one of them."

Applying this rule to the assignments of error set forth in the petition in error, we find the plaintiffs in error are not jointly interested therein, and said alleged errors are applicable to and affect the plaintiffs in error separately, and not jointly. Separate assignments of error should have been filed. The motion to dismiss the appeal is sustained.

The Supreme Court acknowledges the aid of Attorneys L. E. McKnight, C. F. Dyer, and P. C. Simons in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and

approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McKnight and approved by Mr. Dyer and Mr. Simons, this cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.