### FINCH et al. v. SMITH.

No. 26327.   April 7, 1936.

Rehearing Denied June 23, 1936.

James M. Hayes, James M. Hayes, Jr., and Joseph C. Hayes, for plaintiffs in error.

Herbert E. Smith, for defendant in error.

CORN, J. This is the second time this case has come to this court on appeal. The opinion in the first appeal is reported in 166 Okla. 68, 26 P. (2d) 750.

The cause was originally commenced in the district court of Okmulgee county on January 9, 1932, by C. M. Smith, as plaintiff, against Robert Finch and Madalyn Finch, as defendants, the purpose of the action being to cancel an executory contract by which the plaintiff had sold certain real property to defendants, which contract was alleged to have been breached and broken by defendants by their failure to make the payments therein provided and to perform certain other covenants therein contained; and for recovery of possession of the premises.

In that action the defendants filed an answer and cross-petition, praying judgment against the plaintiff in an amount sufficient to offset the balance due plaintiff on the purchase price of said property. The plaintiff demurred to said answer and cross-petition, and the demurrer was sustained. Plaintiff then recovered judgment on her petition, cancelling the contract aforesaid and restoring possession of the property to the plaintiff. The defendants filed a motion to vacate the judgment, which said motion was by the court overruled. The defendants then filed a motion for a new trial, and said motion was also overruled. After the lapse of the period of time provided by statute in which to appeal, the defendants filed in this court the first appeal, which was dismissed on the ground that it was filed out of time.

The mandate in said cause was ordered spread of record in the lower court on January 15, 1934.

A writ of assistance was issued to the sheriff of said county on March 9, 1935, commanding him to place the plaintiff in possession of the premises. On March 18, 1935, the defendants filed in the district court in said cause a motion to vacate the judgment. alleging as grounds for said motion that the judgment was void as shown upon the face of the record in that the tax deed upon which the plaintiff's title is based is void for reason set forth in the motion, which will hereinafter be discussed, and praying that all proceedings had in said cause be set aside and that the petition of plaintiff be dismissed. Said motion to vacate the judgment was by the trial court denied, and a motion for a new trial upon said motion to vacate was filed by the defendants and overruled by the court; and thereafter the defendants lodged this second appeal. The parties will be referred to herein in the same order as they appeared in the trial court.

The defendants first contend that the judgment is void because of the fact that plaintiff's title is based upon a tax deed, and that plaintiff's action to recover possession of the premises from defendants, one of whom, the said Robert Finch, was the record owner at the time it sold for taxes, and at the time the tax deed was issued, was not commenced within one year after the recording of said tax deed, as provided by section 12763, O. S. 1931.

We are unable to see any merit in this contention, for the reason that the action was predicated upon the executory contract of sale as aforesaid, and not upon the tax deed of the plaintiff. It appears from the record that before the expiration of one year after the issuance and recording of the tax deed the defendant Robert Finch entered into said contract with the plaintiff for the purchase of the property. In the contract it was stipulated and agreed that the plaintiff was the owner of the property and her right to possession was recognized. The contract states that the plaintiff paid $1,831.36 in taxes for the tax deed and it appears that she agreed to convey the property to Robert Finch for the actual amount she paid for the property plus the accrued interest. The sum of $300 was paid down upon the contract, and it was agreed that the balance would be paid in one year, and upon payment of which the deed would be delivered.

Under this contract the defendants are estopped from denying the plaintiff's right to possession of the property, or questioning the validity of the tax deed. The rule

of "estoppel by contract" is stated in 21 C. J. 1110, as follows:

"There are two sorts of what has been termed 'estoppel by contract', namely, (1) estoppel to deny the truth of facts agreed upon and settled by force of entering into the contract, and (2) estoppel arising from acts done under or in performance of the contract. The first form of estoppel, if the contract is in writing, is analogous to certain phases of estoppel by deed, and is not in strict propriety a species of estoppel in pais, since it is wholly based on a written instrument. The second sort of estoppel by contract seems to be limited to cases where one party goes into possession of another's property in recognition of the latter's title, and it precludes the possessor from denying that title."

The only question raised against the validity of the tax deed was that the property was the homestead of the defendant and that notice was not given the wife of the record owner of the property of the intention of the plaintiff to apply for a tax deed to the property.

The record discloses that the husband and wife filed a joint motion for a new trial and a joint petition in error, and the judgment being good as to one, such alleged error as to the other cannot be reviewed by this court.

In Bilby v. Gibson, 133 Okla. 196, 271 P. 1026, it is held:

"A joint assignment of error must be good as to all who join in it, or it will be good as to none."

In the opinion it is also said:

"Where a joint motion for new trial is filed and a joint assignment of error is relied on that the evidence was insufficient to sustain the judgment as to all the defendants. if not good as to one, no inquiry will be made as to the others, and the error assigned is of no avail. W. T. Rawleigh Co. v. Riggs, 123 Okla. 42, 252 P. 428."

Also see Niles v. Citizens Nat. Bank, 110 Okla. 146, 236 P. 414: Kingkade v. Plummer, 111 Okla. 197, 239 P. 628.

The judgment is affirmed.

McNEILL. C. J., and BAYLESS, WELCH and GIBSON, JJ., concur.