## JONES et al. v. WEBB.

No. 26328.   Dec. 15, 1936.

Rehearing Denied April 20, 1937.

Stuart, Bell & Ledbetter, for plaintiffs in error.

J. Weldon Cornett, for defendant in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court.

The action was originally brought in the justice of the peace court and there was a trial de novo in the court of common pleas of Oklahoma county.

The judgment was for $99.85, on account of work and labor performed in and about a drilling enterprise in which N. E. Jones and C. H. Tegeler were interested.

The first three specifications of error in the brief deal with error of the court in stating the issues made out as set out in instruction No. 1. The entire argument on this proposition is limited to whether defendant Tegeler was a partner and liable as a joint adventurer with the defendant Jones and the argument that Jones alone was the employer.

The second argument in the brief is that the court erred in refusing to instruct the jury with reference to the burden of proof cast upon the plaintiff by reason of a pretended partnership. This entire specification likewise dealt with the proposition that Jones alone was liable. It is stated in this assignment in the argument that unquestionably there was sufficient evidence to go to the jury on the question of whether or not the plaintiff had performed the work sued for and that one of the two defendants was liable for it.

The third specification is that the court erred in giving to the jury instructions numbered 8, 9, 10, 11, 12, and 13. These all deal with whether or not the defendant Tegeler was liable as a partner with defendant Jones.

The appeal is by one case-made and one petition in error and the assignments of error are joint. Joint assignments of error must be good as to all who join therein or they are not good as to anyone making said assignments, and this court will not consider alleged errors raised by such assignments

of error. Haley v. Wyte, 169 Okla. 406, 38 P. (2d) 910; Niles v. Citizens National Bank of El Reno, 110 Okla. 146, 236 P. 414; Universal Life Ins. Co. v. Berry, 173 Okla. 92, 57 P. (2d) 879; and Beck v. Day, 178 Okla. 310, 62 P. (2d) 1014. That brings us to the consideration of the question that the court erred in admitting evidence in behalf of the defendant in error.

The argument is addressed to the exhibit attached to the original bill of particulars of the miles actually traveled by the plaintiff in the performance of labor. Defendants objected to its introduction on the ground that if he had any books he should bring them into court. The court held that he could refresh his memory from the statements made on the memorandum which was made out and signed by himself and attached to his original bill of particulars. We find no exceptions to the final ruling upon this point by the court. Authorities are too numerous to cite that if a party expects to present error on the exclusion or the introduction of evidence, it is necessary to except to the ruling of the court at the time the same is made.

There is no apparent error in the ruling of the court upon this assignment.

The judgment of the trial court is affirmed.

OSBORN, V. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.