### JONES et al. v. WEBB.

No. 26393. Opinion Filed Dec. 22, 1936.

Rehearing Denied April 20, 1937,

Stuart, Bell & Ledbetter, for plaintiffs in error.

J. Weldon Cornett, for defendant in error.

PER CURIAM. This is, in a sense, a companion case to Jones v. Webb, 180 Okla. 5, 67 P. (2d) 800, and involves an account of the plaintiff incurred in boarding a number of oil we'l employees in a drilling venture wherein N. E. Jones and C. H. Tegeler were sued individually and as partners. A judgment was rendered for the plaintiff both before the justice of the peace, where the cause originated, and the court of common pleas upon a trial of the cause to a jury.

In the justice of the peace court there was attached to the bill of particulars a verified account. The defendants filed a joint answer and cross-petition, and after the judgment appealed jointly in one case-made with one petition in error, and the assignments of error are joint.

The first assignment is that the court erred in forcing the defendants to trial in the absence of books and records of the plaintiff. As a matter of fact, the record does not support the fact that the plaintiff had any books or records, and her testimony repeatedly was that she herself made the account from some little slips of paper and perhaps a memorandum book which she kept at her boarding house. The only case cited by the defendants is Kasenberg v. Hartshorn, 30 Okla. 417, 120 P. 956. A review of that case reveals that it is not in point. The court was not passing upon a continuance requested by any party, but was determining the value of secondary evidence as against the best evidence rule. And the discussion in that case reveals that there were original books of entry which could be made available, and the court declared it to be a clear duty of the party to produce them before reading them into the record. It is clear that the plaintiff had no such records as denominated in that case. In fact, it is not revealed that she kept any record as a matter of actual fact other than to jot down on the papers

as aforesaid the amount of the board bill of the employees who were boarding at her place. The entire transaction covered only a period of some seven months, and although at times the plaintiff apparently became confused under the strict examination of adverse counsel, it is easy to gather from the record that all of the facts with relation to the boarding of said employees were within the knowledge of the plaintiff. The court held upon the question of a demand having been made by the defendants from the plaintiff to produce her books and records that the defendants had failed to comply with the statute, section 317, O. S. 1931. In this the court was eminently correct.

The second specification of error deals with two instructions requested and refused based upon the point above discussed with reference to proceeding to trial over the objection of the defendants. and the nature of the secondary evidence and the duty of the plaintiff to produce the same after showing that the books were not available. We find no error in refusing to give these instructions in the light of our former ruling.

The third specification is based upon the testimony of plaintiff with relation to the board bill, in which it is alleged that the court erred in admitting evidence on the part of the defendant in error. This specification is likewise without merit.

In 22 C. J. p. 984, it is stated that where the matter to be proved is a substantive fact which exists independent of any writing, although evidenced thereby, and which can be as fully and satisfactorily proved by parol as by written evidence, then both classes of evidence are primary and independent and parol evidence may be admitted. We are convinced that the simple statement made up by this woman who boarded these men, duly verified and authenticated by her above signature and further authenticated on the witness stand, was competent evidence. In spite of her confusion on cross-examination, she finally made the statement that this was all of the record that she had. We are convinced that the record of the case supports this statement. This is not a case where there were permanent books and records available which the party has failed to produce in court. Competent evidence need not be excluded merely because the purport thereof has been reduced to writing in memoranda. Teagarden v. Coledonia, 50 Wis. 292, 6 N. W. 875. A witness who may not testify to the correctness of an account may nevertheless testify as to a personal knowledge of the transaction, in an action for the price of goods sold, after refreshing his memory from the bill of particulars filed in the case without producing the written orders; the latter being merely memoranda made by the witness. Robinson v. Mulder, 81 Mich. 75, 45 N. W. 505.

In Whitcomb v. Oller, 41 Okla. 331, 137 P. 709, this court said:

"In the first assignment of error, it is urged that the account upon which plaintiffs' action was founded was not properly proved, and that section 5114, Rev. Laws 1910, controls in making proof of entries in books of account. F. C. Oller, a member of the plaintiff firm, testified that the charges contained in the bill of particulars were correct, and that he did the work. The books of account were not offered in evidence, but instead, the witness testified as to his personal knowledge of the transaction. This evidence was eminently proper and of the highest character. The statute only affords a means by which proof may be made. and does not attempt to furnish the sole manner of making such proof. Moore v. Joyce, 23 Miss. 584; Godbo'd v. Blair, 27 Ala. 592; Crosland Co. v. Pearson, 86 S. C. 313, 68 S. E. 625."

What constitutes competent evidence in a case of this nature is largely within the discretion of the trial court, and where he has exercised that discretion, it should appear as a matter of law that he erred to the prejudice of the adverse party before a judgment otherwise rendering substantial justice should be disturbed. Morison v. Weik, 19 Cal. App. 139, 124 P. 869.

We are of the opinion that specification No. 4, which deals with instructions Nos. 6 and 8, and specification No. 5, that the court erred in overruling the separate demurrers of the separate defendants in error, cannot be presented under the rule announced in Haley v. Wyte, 169 Okla. 406, 38 P. (2d) 910, and numerous other opinions of this court, to the effect that a joint assignment of error must affect all jointly and not severally as to all who join in it, or it will be good as to none. However, we have reviewed the evidence and are convinced that the court was correct in overruling the demurrers to the evidence.

The sixth specification deals with seven instructions requested and refused. They are not set out in the brief nor is any argument presented showing error. The error, if any, is waived by such failure.

The judgment of the trial court is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BAYLESS, BUSBY, PHELPS, and

**8**

GIBSON, JJ., concur. WELCH and CORN, JJ., absent.