PEPIS et al. v. RECTOR.

No. 32007. Feb. 19, 1946.

166 P. 2d 94.

C. S. MacDonald and F. W. Files, both of Pawhuska, for plaintiffs in error.

Frank T. McCoy, John T. Craig, and John R. Pearson, all of Pawhuska, for defendant in error.

OSBORN, J. This action was brought by Fred Rector, plaintiff, against A. Pepis and A. L. Rainwater, defendants, to recover damages for the death of seven head of cattle, and injury to some 20 head, due to the escape of salt water, oil and base sediment from oil wells, tanks and pipe lines owned by Pepis, and operated under the supervision of Rainwater. From a verdict and judgment for plaintiff, defendants appeal.

Defendants, for reversal, rely upon two propositions: (a) The pleadings and evidence fail to establish a cause of action or claim of the plaintiff against the defendants; (b) the proof is wholly insufficient to establish a claim or judgment for damages against A. L. Rainwater, and by reason thereof the action and judgment rendered must fail as to the defendant A. Pepis, the nonresident defendant. Because of the condition of the record, they may be disposed of together.

Plaintiff's amended petition stated a joint cause of action against both defendants. It alleged plaintiff's possession of a described tract of land in Osage county; that Pepis was the owner of an oil and gas lease covering said land and other land which he, with Rainwater and other employees, was operating for oil and gas; that Rainwater had superintending control over such operations, and directed the conducting thereof; that during a designated period of time during 1943, salt water, oil and other deleterious substances escaped from said lease and flowed over the land of plaintiff; that his cattle drank thereof, setting out the damage occasioned thereby, and that said condition was created by the defendants and each of them, and prayed for judgment against defendants. Service of summons was had on Rainwater in Osage county, and on Pepis in Tulsa county. Each defendant appeared specially and moved to quash the summons and the service thereof, the motion of Pepis stating that he was a resident of Tulsa county, and that Rainwater was not interested or liable

upon the cause of action alleged, but was arbitrarily made a party solely to give the court jurisdiction of the case. The trial court overruled both motions; overruled a general demurrer filed for both defendants, and the defendants filed separate answers, that of Rainwater being a general denial, and that of Pepis alleging the lack of jurisdiction of the trial court; the joining of Rainwater for the sole purpose of attempting to confer jurisdiction upon the court, and denying the allegations of the amended petition.

When the case was called for trial each defendant objected to the introduction of evidence, Pepis on the ground of want of jurisdiction, and Rainwater for the reason that the amended petition failed to state a cause of action. These were overruled. Each demurred to plaintiff's evidence, which demurrers were overruled. Defendants then produced their evidence, and when the case was closed, Rainwater alone demurred to all the evidence, in effect moving for a directed verdict. This was also overruled, and the jury returned a verdict against both defendants. The appeal is by joint petition in error.

Each of the contentions made by defendants is based solely upon the insufficiency of the evidence to support the verdict. Defendants urge that the evidence was wholly insufficient to entitle the plaintiff to judgment against Rainwater; that his demurrer to the evidence at the conclusion of the trial should have been sustained, and that the failure of plaintiff to sustain his cause of action against Rainwater, the resident defendant, divested the trial court of jurisdiction as to Pepis, and made the judgment against him invalid.

But the condition of the record precludes us from disposing of the case on the theory so advanced. The defendant Pepis cannot here question the sufficiency of the evidence for the reason that he failed to renew his demurrer to the evidence, or to move for a directed verdict, when the case was closed. Shiflett v. Wright, 184 Okla. 188, 86 P. 2d 314.

The defendant Rainwater did renew his demurrer to the evidence at the close of the case, and the overruling of the demurrer is assigned as error. But the assignments of error in the petition in error filed in this court are joint. Therefore the error of the trial court in overruling his demurrer to the evidence, if error it was, may not be considered here. Clark v. Sloan, 169 Okla. 347, 37 P. 2d 263; Niles v. Citizens' Nat. Bank of El Reno, 110 Okla. 146, 236 P. 414.

Defendant in error calls attention to the supersedeas bond incorporated in the record and moves for judgment thereon against the surety named therein, Aetna Casualty & Surety Company of Hartford, Conn.

It is, therefore, ordered, adjudged and decreed that the plaintiff, Fred Rector, have and recover of and from the defendants, A. Pepis and A. L. Rainwater, and the Aetna Casualty & Surety Company of Hartford, Conn., their surety, the sum of $980, with interest thereon at 6 per cent per annum from April 6, 1944, and costs, for which let execution issue out of the trial court.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, CORN, and ARNOLD, JJ., concur. WELCH and DAVISON, JJ., dissent.