## SHIFLETT et al. v. WRIGHT.

No. 27131. Jan. 11, 1938.

Rehearing Denied Oct. 11, 1938.

Application for Leave to File Second
Petition for Rehearing Denied
Jan. 17, 1939.

R. E. Bowling, for plaintiffs in error.

Blanton, Curtis & Blanton and Marion Henderson, for defendant in error.

RILEY, J. This action was commenced in the district court of Garvin county by E. C. Wright, herein referred to as plaintiff, against plaintiffs in error, herein referred to as defendants, to recover for rent on certain farm lands. The land was leased by plaintiff to defendant C. B. Shiflett by written lease for a term of five years beginning January 1, 1931, and ending December 31, 1935. Defendants were brothers and R. F. Shiflett farmed the land during 1933 and 1934, under an arrangement with his brother. The lease contract called for the payment of rental in the sum of $1,500, for the five-year term, payable $300 per year, and due on the first day of January of each year of the time.

This action was commenced August 20, 1934. Plaintiff alleged in his petition that no part of the rent for the years 1933 and 1934 had been paid, except the sum of $9; that defendants disposed of all the crops grown on the premises during the year 1933, and had disposed of a part of the crops grown in 1934, and were about to dispose of the remainder.

A writ of attachment was issued under which certain hay was attached, appraised at $290.

Motion to dissolve the attachment was filed, and upon a hearing the court found the petition and affidavit insufficient to sustain the attachment, and ordered the attachment dissolved, but granted plaintiff leave to amend. Thereupon the petition and affidavit were amended, an additional writ of attachment was issued October 29, 1934, under which the crop of pecans then growing upon the leased premises was attached. The inventory stated the amount of pecans at about 1,300 pounds.

October 31, 1934, defendant filed a motion to dissolve the attachment, asserting that the petition was insufficient; that the attachment affidavit was insufficient on its face; was not properly sworn to; that the alleged grounds for attachment were untrue; that the property attached was exempt; that the person making the affidavit for attachment was without authority and the bond for attachment was insufficient in form and without surety.

This motion was not passed upon before the trial, but during the course of the trial the court made an order dissolving the attachment as to the pecans and sustaining it as to the hay.

No demurrer to the petition or the petition as amended was filed. Defendants answered admitting that they entered into a contract for the rental of plaintiff's land, and pleaded a provision in the lease contract, and thereunder claimed for improvements placed upon the premises consisting of 14 items. The lease provision relied upon follows:

"It is further stipulated and agreed that any improvements placed on said premises by the lessee, upon the termination thereof shall be purchased by the lessor, if the value and price thereof can be agreed upon, and in the event the parties hereto cannot agree upon a price, they agree to select the third person which shall constitute a board of arbitration, which board shall view such premises and fix a valuation thereon to be paid by the lessor to the lessee."

The improvements claimed for were alleged as preparing land and planting 11 acres in alfalfa, $110; 100 days' work clearing land of trees, bushes, stumps, etc., at $1, $100; clearing out pecan orchard, $50; constructing two storm caves, $50; preparing three acres for garden. $20; putting roof on shed rooms, $16; fencing a hay pasture, $5; making a crossing on a canyon, $60; building cow sheds, $20; flooring and ceiling a barn, $10; fencing orchard and garden, $6; general repair work on fences, gates, and improvement on pasture land, etc., $200; in all, about $1,047. They then alleged wrongful attachment and claimed actual damages on account thereof in the total sum of $730, and punitive damages in the sum of $500.

Defendants admitted that only $655 rent had been paid for the four years, 1931 to 1934, inclusive, leaving unpaid all the $300 rent for the year 1934, and $245 for the year 1933.

The cause was tried to a jury, resulting in a verdict for plaintiff for $600, less credits of $55 cash, by pecans $147, by labor $50, leaving the amount found due plaintiff in the sum of $348. Judgment was rendered accordingly, and defendants appeal.

The petition in error sets up nine assignments of error. Only the first five are presented and urged in the briefs. The last four will be treated as abandoned.

The first assignment is that the court erred in overruling the motion of defendants for a new trial. This assignment is presented in connection with assignments 2, 3, 4, and 5.

The second assignment is that there is

error in the amount of recovery in that there was failure to give defendants credit for money paid in the sum of $55, improvements in the sum of $106, and for pecans wrongfully attached, value at $364. In presenting the assignment in the brief no claim is made as to failure to give credit for the $55 cash paid, or for improvements in the sum of $106. All that is urged is that defendants should have been given credit for the value of the pecans. There is no merit in the contention. The court dissolved the attachment in so far as it covered the pecans. The evidence was in conflict as to their value, ranging from about $138 to something over $364. The matter of the value of the pecans attached was submitted to the jury, and credit was given for the value of the pecans gathered and sold under the attachment, in the sum of $147. Thereby defendants got credit for the full value of the pecans as found by the jury, including cost of harvesting and marketing.

The third and fourth assignments are presented together. They are that the court erred in overruling the demurrer of the defendants to the evidence of plaintiff, and that the court erred in refusing to discharge the attachment on the crops of defendants.

Neither assignment is well taken. Defendants demurred to plaintiff's evidence at the close thereof, and the court overruled the demurrer. But defendants did not stand on the demurrer and introduced their evidence and did not renew their demurrer at the close of all the evidence and did not move for a directed verdict. It is well settled that under such a record, the question of sufficiency of the evidence may not be raised upon appeal.

There is a contention that there is no evidence tending to show the intention of defendants to remove, or that they were removing, or had removed, any of their crops from the leased premises within 30 days prior to the attachment.

The petition and affidavit alleged that plaintiff was claiming a lien on the crops. Section 10923, O. S. 1931, does not require such a showing. All that is required under that section is that the "affidavit for attachment shall state that there is due from defendant to the plaintiff a certain sum, naming it, for rent of farming land, describing same, and that the plaintiff claims a lien on the crops made on such land." Upon making and filing such affidavit, and executing the proper bond, the attachment may issue. Nothing is said in that section about removing or disposing of the property.

There was ample evidence in support of the facts alleged.

The order overruling the motion to discharge the attachment as to the crops was made during the course of the trial. It is as follows:

"The Court: I will overrule the motion to discharge the writ in so far as it affects any of the farm crops, that is, about any of the crops grown on the premises, and I will sustain the objection in so far as it affects the pecan crop."

Defendants saved no exception to this ruling or order. This order, however, was in effect repeated in the journal entry of judgment and defendants were allowed an exception. There was ample evidence to justify the ruling.

Finally it is urged that the court erred in rejecting evidence offered by defendants concerning certain alleged improvements alleged to have been placed upon the premises at the instance and request of plaintiff.

The record, C.-M. p. 103, shows that the part of defendants' answer concerning certain items for alleged improvements, about which evidence was offered and rejected, was stricken out; that is, claims, such as placing certain lands in cultivation and seeding alfalfa, work upon pecan orchard, and other improvements of a like nature. The court said:

"Under the terms of the contract, gentlemen, the court is of the opinion that the defendant is not entitled to any compensation for these things, and that part of the answer is stricken out and is not before you. No evidence will be allowed to go to you upon these items just mentioned."

No exception was taken to this ruling. Counsel did state that he would offer evidence on these items for the purpose of making the record. He did so and saved proper exceptions. The court did allow evidence concerning improvements, in their nature permanent, such as labor in planting the peach orchard, making dugouts, building shed, roofing sheds and flooring and ceiling the barn. The jury allowed $50 therefor.

While it is held that a tenant may offset improvements made with the assent of the landlord or under the contract against rent, it is doubtful whether, under the terms of the contract here involved, defendants could properly claim for any improvements until the end of the term.

The contract specifically provided that any improvement placed on the premises by the lessee, upon termination thereof, shall be purchased by the lessor, etc.

The lease had more than another year to run before its termination. Plaintiff was making no attempt to terminate the lease in this action or otherwise. Therefore it would appear that under the contract the lessee was obligated to pay the $300 rent for each year on the first of January of such year, and that the lessor was obligated to purchase the improvements, if any, on termination of the lease, and then only and by the terms of the lease agreement. However, we find no error in excluding the evidence offered, since it clearly appears that the matters involved were not improvements of a permanent nature such as were contemplated by the agreement. Most of them were in the nature of work done for the benefit of the lessee or for his convenience in the use and occupancy of the land. The trial court was quite liberal with defendants in respect to their claims for improvements.

A careful examination of the cases cited by defendants will show that they do not support their contentions.

We find no substantial error in the record, and the judgment is affirmed.

WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. OSBORN, C. J., BAYLESS, V. C. J., and DAVISON, J., absent.